In re Marvin H. BRINKER, dba Marv's Distributing, Debtor.

Timothy D. MORATZKA, Trustee, Plaintiff,

v.

BILL SIMEK DISTRIBUTING, INC., Defendant.

Bankruptcy No. 3–80–01876.
Adv. No. 81–0050.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Aug. 5, 1981.

Timothy D. Moratzka, Hastings, Minn., Trustee.

Thomas D. Luck, Minneapolis, Minn., for defendant, Bill Simek Distributing, Inc.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for hearing on April 2, 1981 before the Honorable Jacob Dim, Bankruptcy Judge, on the complaint of Timothy D. Moratzka as trustee for the above-named estate.

The defendant moved for judgment on the pleading, and in response the plaintiff has requested summary judgment. Both parties agree that the facts are not in dispute and that this is solely a question of law.

Based on the facts as stipulated, the arguments of counsel and all the papers and records herein, the Court makes the following:

### FINDINGS OF FACT

1. On July 24, 1980, the defendant obtained a judgment against the debtor in Chisago County District Court for the sum of $8,340.65.

2. On July 25, 1980, the defendant served a garnishee summons and disclosure on the debtor's bank, First State Bank of Wyoming. The bank on that date disclosed that the balance owed to the debtor was $1,773.61.

3. On July 28, 1980, the defendant served the debtor with notice of the garnishment.

4. On August 4, 1980, the defendant sent the Sheriff of Chisago County a writ of execution.

5. On august 8, 1980, the Sheriff levied on the garnished money. $1,773.61 was turned over to the Sheriff. The Sheriff paid $1,755.52 to the defendant, $1,773.61 less fees of $18.09.

6. On October 29, 1980, the debtor filed a voluntary petition in bankruptcy under Chapter 7 of Title 11.

7. The ninetieth day preceding the filing of the petition was July 29, 1980.

### CONCLUSIONS OF LAW

1. This action arises under 11 U.S.C. § 547(b) which provides in part:

" ... [T]he trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

2. There is no dispute that the transfer of the debtor's property was made to partially satisfy the antecedent debt of the defendant. § 547(e)(4) establishes a presumption of insolvency within the 90 day period. This presumption was not rebutted.

3. The issue revolves around the time of the transfer and whether the defendant received more than his proportionate share of the assets of the debtor. The question reduces to the rights of a judgment creditor under the state garnishment statute, *Minn. Stat.* § 571.41 et seq.

4. § 547(e)(2) determines when a transfer is made:

"[A] transfer is made—(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; (B) at the time such transfer is perfected, if such transfer is perfected after 10 days."

5. The time at which the transfer is perfected is defined by § 547(e)(1)(B):

"a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."

6. If the transfer was perfected when the garnishee summons was served, then no preference exists. If the transfer was perfected by the execution then a preference does exist.

7. The perfection of a garnishment is governed by the laws of the State of Minnesota. *Minn.Stat.* § 571.42 subd. 1 provides:

"Except as provided in sections 571.43 and 571.50, service of the garnishee summons upon the garnishee shall attach and bind, to respond to final judgment in the action, all personal property of the judgment debtor in his possession or under his control and all indebtedness owing by him to the judgment debtor at the time of such service and all non-exempt disposable earnings earned or to be earned within that one pay period."

8. A lien is attached to the property of the debtor to secure payment. This lien dates from the date of service of the summons upon the garnishee. The garnishing creditor at that point acquires an inchoate lien until judgment. Once judgment is rendered, the lien is complete.

9. In the instant case, judgment was rendered for the defendant prior to the garnishment. At the time of service, all steps necessary to establish a valid and enforceable lien on the bank accounts had been taken.

10. The lien established pursuant to *Minn.Stat.* § 571.42 is not defeatable by the trustee. No creditor on a simple contract can obtain a judicial lien superior to the lien of the defendant. The trustee correctly points out that the debtor or the garnishee might be able to defeat the lien of the defendant. These parties, however, are not "creditors on a simple contract".

11. Although garnishment is an involuntary transfer, an analogy can be drawn to a consensual lien. The service of the garnishee summons like the signing of a security agreement creates the lien. The judgment perfects the lien like the filing of a financing statement. Execution is the equivalent of foreclosure.

12. Thus in order to avoid a post judgment garnishment as a preference, the date of service of the garnishee summons must be within the 90 days preceding the filing of a petition.

13. The date of service of the garnishee summons was July 25, 1980, the ninety fourth day prior to the filing of the petition. The transfer fails to meet the requirement of § 547(b)(4) and is not a preferential transfer.

## ORDER

NOW THEREFORE, IT IS ORDERED AND ADJUDGED that the plaintiff has no claim to the $1,755.52 received by the defendant, Bill Simek Distributing, Inc. and judgment must be entered for the defendant.