**In re Starlina EVANS, Debtor.**

**Starlina EVANS, Plaintiff,**

**v.**

**CIT FINANCIAL SERVICES, INC., Defendant.**

**Bankruptcy No. 81–02020A.
Adv. No. 81–1091A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 19, 1982.

---

Jerry W. Holladay, Atlanta, Ga., for plaintiff.

Gunar Brunavs, Decatur, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment arising out of the plaintiff's Complaint to Avoid Preferential Transfer. On or about December 29, 1977, the plaintiff obtained a loan from CIT Financial Services, Inc. ("CIT") in the amount of $2,416.82. $71.82 has been paid and applied to this loan. A lawsuit was filed, and on August 11, 1980, judgment was entered against Starlina Evans and Rovelta Evans in favor of CIT in the amount of $2,406.75, which amount includes attorney's fees and court costs. On August 18, 1980, this judgment was recorded on the General Execution Docket of Fulton County Superior Court. On or about December 22, 1980, a garnishment was filed against Starlina Evans' wages earned at Fulton DeKalb Hospital Authority d/b/a Grady Memorial Hospital. The proceeds from that garnishment received on February 24, 1981, March 30, 1981, and May 1, 1981 totalled $466.50. Of these remittances, $271.07 was earned within the ninety days of the filing of this debtor's petition. On May 13, 1981, the plaintiff filed her petition under Chapter 7 of the Bankruptcy Code. On June 17, 1981, the plaintiff filed this adversary proceeding.

The issue presented by the instant case is whether the garnishment of wages received during the preference period is a transfer within the scope of 11 U.S.C. § 547(b). *In re Riddervold*, 647 F.2d 342 (2nd Cir. 1981) addresses this question. *Riddervold* holds that the payment of wages earned during the ninety-day preference period does not constitute a transfer of property of the debtor and thus is not a preference under § 547 of the Bankruptcy Code. The Second Circuit Court of Appeals did not base this decision on the fact that the debtor "took no action to cause the payments to be made, since 'transfer' is defined to include an involuntary transfer." *id.* at 346. Rather, the Court held that under N.Y. CPLR § 5231(d), "the debtor has no property or interest in property subject to the levy which can be transferred." *id.* at 346.

*Riddervold* is distinguishable from the case *sub judice* because New York law is different from Georgia law. N.Y. CPLR § 5231(e) states in relevant part that:

"A person served with an income execution shall withhold from money then or thereafter due to the judgment debtor installments of 10% thereof and pay them over to the sheriff. If such person shall fail to so pay the sheriff, the judgment creditor may commence a proceeding against him for accrued installments."

Based on this language, the Court in *Riddervold* held that:

"An income execution on the employer in effect works a novation whereby the employer owes 10% of the employee's salary

not to the employee but to the sheriff for the benefit of the judgment creditor." *id.* at 346.

The Court continued, stating that this view was supported by the fact that if the employer fails to pay the sheriff, the judgment creditor may sue the employer directly to recover accrued installments.

*Georgia Code* § 46–301 states that:

"(a) All debts owed by the garnishee to the defendant at the time of service of summons of garnishment upon the garnishee and all debts occurring from the garnishee to the defendant from the date of service to the date of garnishee's answer shall be subject to process of garnishment, and no payment made by the garnishee to the defendant or to his order, or by any arrangement between the defendant and the garnishee after the date of service of the summons of garnishment upon the garnishee shall defeat the lien of such garnishment.

(b) All property, money or effects of the defendant in the possession or control of the garnishee at the time of service of the summons of garnishment upon the garnishee or coming into the possession or control of the garnishee at any time from the date of service of the summons or garnishment upon the garnishee to the date of the garnishee's answer shall be subject to process of garnishment ..."

The forms for post-judgment garnishment and continuing garnishment contain the following phrase:

"You are hereby commanded to immediately hold all property, money, wages, except what is exempt, *belonging to the defendant* [emphasis added] or debts owed to the defendant named above at the time of service of this summons and between the time of service of this summons ..." *Ga.Code* § 46–605(b); 709(b).

 It is apparent that Georgia law does not vest title in the plaintiff but instead allows garnishment of property "belonging to the defendant." This is true despite the fact that a nonanswering garnishee is subject to direct liability to the plaintiff. Accordingly, the case *sub judice*

is distinguishable from *In re Riddervold* because a transfer within the ambit of §§ 101(40) and 547 of the Bankruptcy Code has occurred. To the extent that the transfer at issue occurred during the ninety-day preference period preceding the filing of the debtor's petition, a preferential transfer has been made.

Section 547(e) states that:

"For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred."

It follows that a transfer of the debtor's wages would not occur at the time a summons of garnishment is issued, but at the time said wages were earned. Thus, the amount transferred as a preferential payment is the amount of wages the debtor earned during the preference period, which is $271.07.

Therefore, for the above-stated reasons, the plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied. Judgment shall be awarded the plaintiff in the amount of $271.07.

IT IS SO ORDERED.