In re Clark N. CONNER and Doretha S. Conner, Debtors.

Clark N. CONNER and Doretha S. Conner, Plaintiffs,

v.

MOUNT CARMEL COUNTRY ESTATES, Defendant.

Bankruptcy No. 82–00437A.
Adv. No. 82–0325A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

July 13, 1982.

Paul C. Parker, Decatur, Ga., for plaintiffs.

Ron Parnell, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the plaintiffs' Motion for Summary Judgment arising out of plaintiffs' Complaint to Avoid Transfer of Property. The debtors filed their Chapter 13 petition on February 2, 1982. On January 4, 1982, the defendant received $415.18 from the Clerk of the State Court of Gwinnett County in execution of Garnishment Case No. MD–12195. This sum had been deducted from the debtor's wages and paid into the court pursuant to a garnishment summons issued on a debt owed to the defendant. This transfer was within the statutory preference period of ninety days prior to the filing of the bankruptcy petition. 11 U.S.C. § 547(b)(4)(A).

The issue before the Court is whether or not a debtor may avoid the transfer of garnishment funds to a creditor within the preference period under 11 U.S.C. § 547.

Under 11 U.S.C. § 547(b)(4)(A), the trustee may avoid any transfer of property of the debtor made within ninety days before the date of the filing of the petition if certain other conditions are met. Under Georgia law, title to property that is the subject of a garnishment does not vest in the plaintiffs in the garnishment proceeding, but rather remains property "belonging to defendant." *Ga.Code* §§ 46–605(b) and 46–709(b). *In re Evans*, 16 B.R. 731, 8 B.C.D. 799 (Bkrtcy.N.D.Ga.1982). Thus, the transfer of garnishment funds is clearly the transfer of property of the debtor within the ambit of 11 U.S.C. §§ 101(40) and 547. *Id.*

The defendant contends that it must be shown that the funds transferred within the preference period of 11 U.S.C. § 547 were also earned within this ninety-day period prior to the filing of the petition. This contention is without merit. 11 U.S.C. § 547 contemplates transfer of property of the debtor. Thus, no matter when the debtor acquires an interest in property, any transfer of property of the debtor during the ninety-day preference period may be a voidable preference. 11 U.S.C. § 547. See also *In the Matter of Alford*, Adversary No. 81–2105A (Bkrtcy.N.D.Ga., April 21, 1982). The Court finds that the transfer from the State Court of Gwinnett County to the defendant was a preferential transfer within the ambit of 11 U.S.C. §§ 101(40) and 547(b). Under 11 U.S.C. § 547(b), such a transfer of the property of the debtor may be avoided by the debtor.

Therefore, for the above-stated reasons, the plaintiffs' Motion for Summary Judgment is granted. Judgment shall be awarded the plaintiffs in the amount of $415.18.

IT IS SO ORDERED.