VANCE, Circuit Judge:
 

 Askin Marine Company (Askin), the creditor, appeals the decision of the trial court affirming the bankruptcy judge’s grant of summary judgment in favor of Clark and Doretha Conner, the debtors. We reverse.
 

 The relevant facts are undisputed. On September 9, 1981 Askin caused Clark Conner’s employer to be served with a summons of garnishment. On October 14, 1981 the garnishee answered the summons and paid into the Georgia state court the funds subject to garnishment. The court disbursed these funds to Askin, along with other funds previously paid into court by the garnishee in connection with another creditor’s garnishment, on January 4, 1982. The Conners filed a joint bankruptcy petition on February 2, 1982.
 

 Under the Bankruptcy Code the trustee in bankruptcy
 
 [1]
 
 may avoid “any transfer of property of the debtor” that gives a creditor a preferred position among creditors of the bankrupt and that meets other enumerated requirements. 11 U.S.C. § 547(b). A transfer is a voidable preference under section 547 only if made “on or within 90 days before the date of the filing of the [bankruptcy] petition.”
 
 Id.
 
 § 547(b)(4)(A). Both the bankruptcy judge and the district court declared without discussion that the transfer in this case took place upon the state
 
 *1562
 
 courts distribution of funds to Askin on January 4, well within the ninety day period. Their opinions focused on whether the garnished funds were still “property of the debtor” at that point, and concluded that they were. Since no other elements of a voidable preference were denied by Askin, each court entered judgment for the Con-ners. The Conners on appeal carry the lower courts’ analysis a step further, arguing that as long as the debtor retains any interest in the property, legal or equitable, no “transfer” under section 547 can occur.
 

 Both the Conners’ explicit definition of a transfer and the lower courts’ tacit one are incorrect. Under the Bankruptcy Code a “transfer” includes “every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.”
 
 Id.
 
 § 101(41). This exceptionally broad definition encompasses garnishment liens.
 
 Compare id. and 2
 
 L. King, K. Klee, R. Levin, H. Miller & M. Murphy, Collier on Bankruptcy ¶ 101.-41 (15th ed. 1979)
 
 and
 
 4 L. King, M. Cook, R. D’Agostino, & K. Klee
 
 id.
 
 ¶ 547.12[1]
 
 with
 
 11 U.S.C. § 1(30) (current version codified at 11 U.S.C. § 101(41))
 
 and
 
 1 J. Moore, L. King & A. Herzog, Collier on Bankruptcy 111.30, at 130.31 (14th ed. 1974).
 

 Under section 547 the transfer generally is made when the transfer is “perfected.” 11 U.S.C. § 547(e)(2)(A)-(B). For property other than realty, the transfer is perfected “when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.”
 
 Id.
 
 § 547(e)(1)(B). This determination must be made by reference to state law.
 
 Palmer v. Radio Corp. of America,
 
 453 F.2d 1133, 1138 (5th Cir.1971). Under Georgia law a lien attaches to garnished funds upon service of the summons of garnishment. Off. Code Ga.Ann. § 18—4—20(b);
 
 Citizens & Southern National Bank v. Wray,
 
 144 Ga.App. 769, 242 S.E.2d 365, 366 (1978);
 
 In re Georgia Steel, Inc.,
 
 25 B.R. 781, 787-88 (Bkrtcy.M.D.Ga.1982). Once the lien attaches, no contract creditor can obtain a superior judicial lien.
 
 See
 
 Off.Code Ga. Ann. §§ 18-4-96, 44-14-323.
 
 [2]
 

 We therefore conclude that the “transfer” in this case was made on September 9, 1981, over ninety days before the Conners’ petition in bankruptcy was filed. Thus, the Conners are not entitled to set aside the transfer as a voidable preference.
 

 REVERSED.
 

 [1]
 

 . In light of our disposition of this appeal it is unnecessary for us to consider the propriety of the Conners, as the debtors, seeking to set aside this transfer.
 

 [2]
 

 . It is true that in Georgia a prior judgment creditor takes ahead of a subsequent judgment creditor even though the latter creditor first causes a summons of garnishment to issue.
 
 Cale v. Hale,
 
 157 Ga.App. 412, 277 S.E.2d 770, 771-72 (1981);
 
 Wray,
 
 242 S.E.2d at 366-67. This scheme Of priorities does not aid the Con-ners, however, since section 547(e)(1)(B) contemplates a creditor that has yet to reduce its claim to judgment.