In the Matter of Mark MORTON, Mary Morton, Debtors.

Richard D. ELLENBERG As Trustee, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

In re Michael C. BAKER, Debtor.

Michael C. BAKER, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

In re Maggie Lee TRIMBLE, Debtor.

Maggie Lee TRIMBLE, Plaintiff,

v.

GMAC, Defendant.

Bankruptcy Nos. 83–02219A, 83–02597A. Adv. Nos. 83–1890A, 83–2066A and 83–1799A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 14, 1984.

Richard D. Ellenberg, Atlanta, Ga., for plaintiff Ellenberg.

John Mrosek, Atlanta, Ga., for plaintiffs Baker and Trimble.

John McCullough and Michael Paine, Atlanta, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The same fundamental issue is before the Court in each of the above adversary proceedings: whether wages earned by the debtor within ninety days of the bankruptcy filing can be avoided as a preferential transfer. In each case creditor GMAC contends that the issue is governed by a recent Eleventh Circuit decision, *Askin Marine Company v. Conner* (*In re Conner*), 733 F.2d 1560 (CA 11, 1984). The creditor asserts that under *Askin Marine* the debtor is not entitled to avoid the transfer because in each situation the summons of garnishment was filed outside of the ninety day preference period. For the reasons set forth below this Court holds that *Askin Marine*, does not control the decision in the instant proceedings. The debtor is entitled to recover any transfer on garnished wages which were earned during the ninety days prior to the bankruptcy filing.

## FINDINGS OF FACT

### Ellenberg v. General Motors Acceptance Corporation

1. On November 2, 1982 creditor General Motors Acceptance Corporation ("GMAC") served a summons of garnishment on the debtor's employer.

2. In response the employer made the following remittances directly to GMAC:

| EARNINGS PERIOD | CHECK DATE | GARNISHMENT AMT. WITHHELD |
|---|---|---|
| 1/24/83 thru 1/30/83 | 2/4/83 | $50.00 |
| 1/31/82 thru 2/6/83 | 2/11/83 | 50.00 |
| 2/7/83 thru 2/13/83 | 2/18/83 | 50.00 |
| 2/14/83 thru 2/20/83 | 2/25/83 | 50.00 |
| 2/21/83 thru 2/27/83 | 3/4/83 | 50.00 |
| 2/28/83 thru 3/6/83 | 3/11/83 | 50.00 |
| 3/7/83 thru 3/13/83 | 3/18/83 | 50.00 |
| 3/14/83 thru 3/20/83 | 3/25/83 | 50.00 |
| 3/21/83 thru 3/27/83 | 4/1/83 | 50.00 |

3. On April 4, 1984 the debtor filed a Chapter 7 case.

### Baker v. General Motors Acceptance Corporation

1. On November 4, 1982 creditor GMAC served a summons of garnishment upon the debtor's employer.

2. In response, the employer remitted $596.22 to GMAC.

3. On March 17, 1983 the debtor filed a Chapter 13 case.

### Trimble v. GMAC

1. On February 3, 1983 creditor GMAC served a summons of garnishment upon the debtor's employer.

2. As a result of the garnishment certain of the debtor's wages were paid to GMAC.

3. On June 6, 1983 the debtor filed a Chapter 7 case.

## DISCUSSION

The creditor in each adversary proceeding contends that under *Askin Marine*, *supra*, neither the trustee nor the debtor is entitled to avoid the transfer of garnished funds within ninety days of filing for bankruptcy if the summons of garnishment was served outside of the ninety day period. This Court finds that the creditor has over extended the proposition for which *Askin Marine* stands. First, the facts of *Askin Marine* do not support the creditor's extrapolation. According to the Eleventh Circuit's factual summary, the garnishee paid funds into the Court on October 14, 1981. The ninety day preference period did not commence until November 4, 1981. Thus, all of the money which the garnishee paid into the court and which the Eleventh Circuit declared to be non-voidable was earned by the debtor prior to the ninety day preference period.[1]

The Eleventh Circuit's *Askin Marine* decision does not overrule an earlier Bankruptcy Court decision in this district *Evans v. CIT Financial Services, Inc.* (*In re Evans*), 16 B.R. 731 (BC ND GA, 1982), because the two are factually distinct. In *Evans*, the debtor was permitted to avoid $271.07 of $466.50 in garnished funds. The debtor had earned the $271.07 during the ninety days before filing and, consequently, the "transfer" in *Evans* was dissimilar to that in *Askin Marine*. The *Evans* court held that § 547(e)(3) is the statutory authority for determining that the time of transfer with regard to wages was at the point the employee earned those wages. *Evans* at 733. The Eleventh Circuit implicitly accepted the distinction between *Askin Marine* and *Evans* in discussing the applicable law: "[u]nder section 547 the transfer *generally* is made when the transfer is 'perfected' 11 U.S.C. § 547(e)(2)(A)–(B)." (emphasis supplied). *Id.* at 1562. While the general rule of § 547(e)(2)(A)–(B) was applicable to the circumstances in *Askin Marine*, it is the exception under § 547(e)(3) which was applicable to *Evans* and governs both the instant proceedings. Section 547(e)(3) states "[f]or the purposes of this section a transfer is not made until the debtor has acquired rights in the property transferred." An employee does not

---

1. For the same reason reliance on *Household Finance Corporation of Georgia v. Alford*, Case No. C–82–1216, (DC ND GA, December 30, 1982), is misplaced. The issue before the District Court in *Alford* also involved wages earned by the debtor prior to the preferential period.

acquire rights to his wages until he has earned them. Consequently, even though generally the service of summons of garnishment is the critical point for dating a transfer as *Askin Marine* clearly holds, the critical point for dating a transfer where the debtor has not acquired rights to the property is the date those rights are acquired. *See Tabita v. Internal Revenue Service (In re Tabita)*, 38 B.R. 511, 12 B.C.D. 41 (BC ED PA, 1984).[2] Therefore, in the three adversary proceedings before the Court, the wages that the debtors had earned during the preference period may be avoided even if the summons of garnishment predated the ninety day preference period.[3]

The Chapter 7 trustee in *Ellenberg v. GMAC* may avoid the $450.00 garnished by GMAC as a preferential transfer.

The debtor in *Baker v. GMAC* has not specified the dates the garnished wages were earned. To the extent that the garnishment consisted of wages earned for work done during the ninety day preference period, in this case from December 17, 1982, the debtor is entitled to recover such amount.

The debtor in *Trimble v. GMAC* has not specified the dates the garnished wages were earned. To the extent that the garnishment consisted of wages earned for work done during the ninety day preference period, in this case from March 8, 1983, the debtor is entitled to recover such amount.

IT IS SO ORDERED.

---

**2.** The *Tabita* decision is an excellent reference both for its summary of the wide split of authority on the issue and its consideration of the relevant legislative history.

**3.** This decision does not deny the garnishor a claim to money which the debtor has acquired rights to prior to the ninety day preference period, e.g., vacation, bonus, etc.