**In the Matter of Ruben Gary ROBERTS, a/k/a Josh Roberts, Debtor.**

**Ruben Gary ROBERTS, a/k/a Josh Roberts, Plaintiff,**

v.

**HOUSEHOLD FINANCE CORPORATION OF GEORGIA and Harry W. Pettigrew, Defendants.**

Bankruptcy No. 83–00743A.
Adv. No. 83–0691A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 15, 1984.

---

**3.** This decision does not deny the garnishor a claim to money which the debtor has acquired rights to prior to the ninety day preference period, e.g., vacation, bonus, etc.

Prince A. Brumfield, Decatur, Ga., for plaintiff.

Harris Bullock and Glen H. McQueen, Jr., Decatur, Ga., for defendants.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Before this Court is the defendant Creditor's motion to reconsider this Court's August 3, 1983 judgment. On July 19, 1983 the defendant creditor had filed a cross-motion for summary judgment which the Court did not have before it at the time it entered its August 3, 1983 judgment. Subsequent to the motion for reconsideration the plaintiff debtor filed a motion for contempt to which the creditor has responded. This Court finds that the judgment previously entered in favor of plaintiff debtor was erroneous and vacates said judgment. For the reasons set forth below and in this Court's *Ellenberg v. General Motors Acceptance Corporation, (In re Morton)*, and *Baker v. General Motors Acceptance Corporation (In re Baker)*, 44 B.R. 750 (BC ND GA, 1984) filed contemporaneously with this opinion, the Court determines that the debtor is entitled to avoid as a preferential transfer any sum earned as wages for work performed during the ninety day preference period.

## FINDINGS OF FACT

1. On November 9, 1982 defendant creditor obtained a judgment against plaintiff.

2. On November 19, 1982 defendant creditor served its summons of garnishment on debtor's employer. In response to the garnishment, on January 3 and on January 7, 1983 the debtor's employer paid into the State Court of Fulton County the sum of $345.55.

3. On January 25, 1983 the State Court of Fulton County dispersed the $345.55 to defendant-creditor.

4. On February 8, 1983 the debtor filed a Chapter 7 case.

5. On March 23, 1983 the debtor filed the instant complaint seeking to avoid as a preferential transfer the money paid to defendant creditor.

6. On June 13, 1983 a pre-trial hearing was held. Plaintiff was given fourteen days to file a motion for summary judgment and defendant was to have fourteen days to file a response.

7. On June 23, 1983 plaintiff filed a motion for summary judgment.

8. On July 15, 1983 plaintiff filed a motion for default judgment.

9. On July 19, 1983 creditor filed a cross-motion for summary judgment.

10. On August 3, 1983 this Court entered a judgment in favor of plaintiff.

11. On August 8, 1983 creditor filed a motion and supporting brief to reconsider the entry of this Court's August 3, 1983 judgment.

12. On August 10, 1983 creditor filed a supplemental brief.

13. On April 26, 1984 the debtor filed a motion for contempt for the defendant's failure to pay the $345.55.

14. On May 30, 1984 the creditor responded to the motion for contempt.

## DISCUSSION

On August 3, 1983 this Court erroneously entered a judgment in favor of plaintiff debtor. Although defendant creditor had filed a cross-motion for summary judgment prior to this Court's entry of judgment for plaintiff, the Court did not have that cross-motion for consideration. Additionally, the motion for default judgment filed by plaintiff subsequent to his motion for summary judgment was inappropriate. A judgment by default is not

entered for failure to respond to a motion for summary judgment.

■ The substantive law which controls the issue in the instant adversary proceeding is set out in a decision filed contemporaneously with the instant decision: *Ellenberg v. GMAC,* and *Baker v. General Motors Acceptance Corporation,* 44 B.R. 750 (BC ND GA, 1984). As indicated in that decision, the Eleventh Circuit's recent opinion in *Askin Marine Company v. Conner, (In re Conner),* 733 F.2d 1560 (CA 11, 1984), accepts as the date of transfer the date upon which the summons of garnishment is served. If the wages which were garnished in the instant proceeding had been earned outside the ninety day period, then under *Askin Marine,* the debtor would not be entitled to avoid the transfer despite payment to the creditor within the ninety day preference period.[1] In the instant circumstances, however, the general rule of *Askin Marine* is inapplicable. Rather, it is the exception to the general rule which controls. Section 547(e)(3) provides that there can be no transfer until the debtor acquires rights in the property. Until the debtor works for his wages, he does not acquire rights to them.[2] Consequently, the debtor in the instant proceeding is entitled to avoid any portion of the garnishment which resulted from wages earned from the date of November 20, 1982.

The debtor's motion for contempt is denied.

IT IS SO ORDERED.

---

**1.** For the same reason reliance on *Household Finance Corporation of Georgia v. Alford,* Case No. C–82–1216, (DC ND GA, December 30, 1982), is misplaced. The issue before the District Court in *Alford* also involved wages earned by the debtor prior to the preferential period.

**2.** This decision does not deny the garnishor a claim to money which the debtor has acquired rights to prior to the ninety day preference period, e.g., vacation, bonus, etc.