In re Culbert NEWELL, Debtor.

**KENTUCKY FINANCE, INC., Plaintiff,**

v.

**Culbert NEWELL, Defendant.**

**Bankruptcy No. 86–10526–ALB.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

March 25, 1987.

David G. Crockett, Atlanta, Ga., for plaintiff.

Baxter C. Howell, Albany, Ga., for defendant.

## ORDER

JOHN T. LANEY, III, Bankruptcy Judge.

Kentucky Finance, Inc. ("Creditor"), filed a motion for relief from stay in this case on January 19, 1987. The motion was heard on February 24, 1987 at which time the facts were stipulated between counsel including a stipulation that the Debtor in this case is "an individual debtor whose debts are primarily consumer debts" as that phrase is used in § 547(c)(7) of the Bankruptcy Code (11 U.S.C. § 547(c)(7)).

The following is a chronology of events in this case to date, which constitutes the Findings of Fact by the Court. On or about June 23, 1986 Creditor obtained judgment against Debtor in State Court of Dougherty County, Georgia in the total amount of $2,396.50. A continuing garnishment proceeding was filed in the same Court by the Creditor on or about July 1, 1986. On or about July 3, 1986 the summons of garnishment in said case was served on Alcon Associates, Inc. Periodic answers were filed by the garnishee and the funds thus paid to the Clerk of the Court were remitted to the Creditor prior to the Debtor's filing of his Chapter 7 bankruptcy petition on November 18, 1986.

On November 24, 1986 Alcon Associates, Inc. filed another answer to the continuing garnishment, paying into Court (after deduction for attorney's fees for preparing the answer) $311.56, said sums having been earned by Debtor for pay periods ending October 24, 1986 through November 14, 1986, all such wages having been earned within 90 days prior to Debtor's filing of his Chapter 7 petition.

On January 19, 1987 Creditor filed its motion for relief from the stay asking that the stay be modified to allow payment of the $311.56 on deposit in the State Court of Dougherty County to Creditor. On January 6, 1987 the Chapter 7 Trustee filed a No Asset Report and abandoned all scheduled property. The $311.56 was not listed in any way in Debtor's schedules as originally filed nor did he claim this amount as exempt. Schedule B-2 under Personal Property lists no cash on hand, no deposits, and no debts owed to Debtor. As originally filed Schedule B-4 did not claim said property as exempt. However, on February 24, 1987 an unverified amended Schedule B-4 was filed claiming as exempt cash in the amount of $311.56, which the Court assumes to be the sum apparently being held by the State Court of Dougherty County. Neither the Trustee nor the Debtor has filed a preference action or a lien avoidance action.

## CONCLUSIONS OF LAW AND OPINION

■ Creditor's motion is based on two different theories. The first is that the funds are not reachable by the Debtor or the Trustee since the garnishment lien attached at the time of the service of garnishment on July 3, 1986, more than 90 days before the filing of the petition. This decision is based upon *In re Conner*, 733 F.2d 1560 (11th Cir.1984). Although it is not necessary for the Court to determine whether or not that case is applicable to these facts, the Court notes that said case was distinguished in two cases by former Bankruptcy Judge Norton in the Northern District of Georgia. *In re Roberts*, 44 B.R. 752 (1984); *In re Morton*, 44 B.R. 750 (1984). As Judge Norton pointed out therein, in the *Conner* case, the wages were earned prior to the 90-day preference period. Therefore, the Court in *Conner* did not consider the effect of Bankruptcy Code § 547(e)(3) which states that:

"For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred."

Since in *Roberts* and *Morton*, the debtors had not earned the wages in question until the 90-day preference period had begun, Judge Norton ruled that the transfer in question could not have occurred at the time the garnishment was served, but occurred at the time the debtors acquired rights in the property, which was when they earned the wages in question. Similarly, in the instant case, the wages in question were all earned within the preference period and it would seem that the

instant case is not controlled by *Conner.* See also *In re Dunn,* 56 B.R. 275 (Bankr. M.D.La.1985).

Creditor also contends that the funds in question may not be recovered by the Trustee or the Debtor because such a recovery is barred by Bankruptcy Code § 547(c)(7).[1] The debtor's right, if any, to avoid a transfer of exempt property is based upon § 522(h) of the Bankruptcy Code.[2]

 § 547(c)(7) was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 310. It has been suggested that Congress intended said section to apply only to voluntary transfers (See *In re Johnson,* 53 B.R. 919 (Bankr.N.D.Ill.1985, adhered to, 57 B.R. 635 (1986)), but there is no such limitation in the Statute. Therefore, it is the conclusion of this court that a preference action by the Debtor under these circumstances for an amount under $600.00 is barred by the Statute the same as an action by the Trustee would be, since the Debtor's action is strictly derivative of any action that the Trustee might have. Accord, *In re Harville,* 60 B.R. 188 (Bankr. W.D.Ky.1986); *In re Dunn,* 56 B.R. 275 (Bankr.M.D.La 1985); *In re Buzzell,* 56 B.R. 197 (Bankr.D.Md.1986); *In re Johnson,* 53 B.R. 919 (Bankr.N.D.Ill.1985, adhered to, 57 B.R. 635 (1986)); *In re Holyfield,* 50 B.R. 695 (Bankr.D.Md.1985).

The question of whether or not the Debtor could obtain the wages in question by filing a motion to avoid a judicial lien under Bankruptcy Code § 522(f)(1) has not been addressed by the parties.

Therefore, for the reasons stated above, the Court concludes that the Debtor is not entitled to the sum in question under a preference theory. The automatic stay shall be continued in force for 15 days from the date of this Order at which time it will terminate as to Creditor insofar as it may seek to recover the sum in question from the State Court of Dougherty County. If within said 15–day period Debtor files a motion to avoid Creditor's lien under Bankruptcy Code § 522(f)(1), the stay will remain in effect pending a resolution of said motion.

---

1. "The trustee may not avoid under this section a transfer—* * * * * * * * * * * * (7) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600."

2. "(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

   (2) the trustee does not attempt to avoid such transfer."