In re Alberto **DUQUE RODRIGUEZ**
and Domino Investments,
Ltd., Debtors.

John Paul **MURPHY**, Trustee, Plaintiff,

v.

**CITY NATIONAL BANK, Defendant.**

Bankruptcy No. 83–00903–BKC–TCB.
Adv. No. 87–0206–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 10, 1987.

Blackwell Walker Fascell & Hoehl, Jeffrey B. Lathe, Miami, Fla., for plaintiff.

Haddad, Josephs & Jack, Michael Josephs, Coral Gables, Fla. and Schantz, Schatzman, Aaronson & Berlin, P.A., Robert A. Schatzman, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff as trustee for the individual debtor, Duque, seeks recovery from the defendant bank of $2 million under 11 U.S.C. §§ 547 and 550. Two other counts alleging a fraudulent transfer were abandoned at trial. The bank has answered and the matter was tried on June 11.

This is one of 26 similar actions against various defendants filed simultaneously by this trustee. By stipulation between the parties, the issue of insolvency on the transfer date was tried separately as to all the actions. By a separate Memorandum Decision dated June 26, 75 B.R. 829 (Bankr.S.D.Fla.1987), I have found that Duque was insolvent on the date of this transfer. (C.P. No. 20). I now find that the trustee has failed to establish the fourth element required under § 547(b)(4). This requires that the complaint be dismissed with prejudice.

The relevant events are undisputed. The dispute is as to their relative significance and the conclusions to be drawn from them. Because of their complexity and because they are undisputed, I will repeat them here only in summary form and only as directly pertinent to this decision.[1]

During the 21 days between April 29 and May 20, 1983 (respectively 20 days before and the day after Duque's bankruptcy) Duque orchestrated a bewildering series of transfers involving a number of bank accounts, five banks, two corporations and two other individuals.

For our purposes, it is significant only to note that Duque borrowed $2 million from the defendant bank, concealing from the bank his involvement by arranging that a credit-worthy family friend (Londono) borrow the money and, on the same day, April 29, loan the money to Duque for ten days, and that Duque repaid the loan through the same intermediary on May 20, the day after he filed a chapter 11 petition in bankruptcy.

Although Duque owned 55% of the stock of a holding company which owned all of the bank's stock, he was neither an officer, director nor employee of the bank, and the Comptroller of Currency had required nine months earlier that all transactions between Duque and entities related to him be liquidated and that there be no further contact. The bank did all in its power to live up to this requirement. It knew noth-

---

1. The parties have adopted a factual stipulation between another bankruptcy trustee and this defendant in that trustee's unsuccessful effort to recover a part of this transfer for the estate of a related debtor. *Nordberg v. Sanchez (In re Chase & Sanborn Corp.),* Adv. No. 85–1041, (Bankr.S.D.Fla. Oct. 7, 1985). That decision was affirmed by the District Court and by the Court of Appeals, where the facts are also stated. *In re Chase & Sanborn,* 813 F.2d 1177 (11th Cir.1987).

ing of Duque's involvement in this transaction. It acted in good faith and not unreasonably in extending the loan to Londono on his note.

On May 20 Duque repaid the borrowed $2 million to Londono from funds he personally had borrowed from another bank, and on the same day, Londono paid his note to the defendant bank. This is, of course, the $2 million transfer which Duque's trustee seeks to recover as a preferential and, therefore, voidable transfer under § 547.

 The fourth element specified for an avoidable preferential transfer is that the transfer be made:

"before the date of the filing of the petition". § 547(b)(4).

The trustee argues that because the payment to the bank was "set in motion" before bankruptcy, it was made "before Duque's bankruptcy filing on May 19, 1983." As stated by the trustee:

"The most believable version of this interesting transaction is that Duque borrowed the $2,000,000 from City National Bank on April 29, 1983, using Mr. Londono as his 'facilitator'. This much has been acknowledged by the Eleventh Circuit Court of Appeal [sic] in *Nordberg v. Carolina Sanchez, et al.,* 813 F.2d 1177 (11th Cir.1987). Then, after receiving a loan from Arab Banking Corporation, Duque repaid the Defendant its $2,000,000 over the period May 10—20, 1983, again using Mr. Londono (among other entities as described above) as his 'conduit' for making the payment. The Trustee demonstrated at trial that City National Bank was a creditor of Duque, and that Duque made his $2,000,000 payment to the Defendant on account of an antecedent debt ...

"From the discussion above, it is clear that the payment 'set in motion' by Duque to the Defendant on May 10, 1983 was a payment made within the 'preference period' before Duque's bankruptcy filing on May 19, 1983." Trustee's post-

trial letter memorandum of June 22, 1987. pp. 5–6.

The transfer date for the purposes of § 547 is specified in § 547(e)(2)(A) to be:

"the time such transfer takes effect between the transferor and the transferee."

I reject the trustee's contention that the transfer took effect when it was set in motion. The transfer took effect when the bank received the $2 million payment. *See Askin Marine Co. v. Conner (In re Conner),* 733 F.2d 1560, 1562 (11th Cir.1984); *McClendon v. Cal-Wood Door (In re Wadsworth Bldg. Components, Inc.),* 711 F.2d 122, 123 (9th Cir.1983); *Nixon v. I.R.S. (Matter of Her Majesties Stout Shop, Inc.),* 65 B.R. 145, 147 (Bankr.M.D. Fla.1986). The trustee's case must fail for this reason.

 I am aware, of course, that § 549 permits a trustee to avoid post-petition transfers under specified circumstances. However, the trustee did not proceed alternatively under nor did he argue the applicability of that statutory section.[2] He proceeded specifically and solely under §§ 547 and 550. The defendant bank did not argue or otherwise consider the applicability of § 549. I have not, therefore, pursued an issue raised by neither party, each of which is represented by experienced bankruptcy counsel. *See Sylvan Beach, Inc. v. Koch,* 140 F.2d 852, 861–62 (8th Cir.1944); *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil* 2d § 2662 (1983). Presumably there was a good reason in this case to disregard § 549.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.

**2.** On July 7 after this decision had been prepared, but before its release, the trustee first referred to § 549 in a supplemental memoran-

dum filed 16 days after the date counsel had accepted as a deadline for their post-trial memoranda. I have not considered that argument.