**In the Matter of Tony Edward MATHIS, Debtor.**

**Tony Edward Mathis, Plaintiff,**

v.

**West Central Georgia Bank, Defendant.**

**Bankruptcy No. 95–52540.**
**Adversary No. 95–5073.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 27, 1996.

George O. Haskell, III, Macon, GA, for plaintiff.

Emmett L. Goodman, Jr., Macon, GA, for defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Tony Edward Mathis, Plaintiff, filed on October 5, 1995, a "Motion to Restore Garnishment Proceeds to Debtor."[1] West Central Georgia Bank, Defendant, filed its response on October 19, 1995. Plaintiff's complaint came on for a hearing on January 8, 1996. The Court, having considered the stipulation of facts and the arguments of counsel, now publishes this memorandum opinion.

### FINDINGS OF FACT

The relevant facts are not in dispute. Plaintiff owed a debt to Defendant. Defendant filed a summons of garnishment on March 8, 1995.[2] The summons of garnishment was served that same day on Plaintiff's employer (the garnishee).

Plaintiff earned certain wages after May 16, 1995.[3] Plaintiff's employer withheld, pursuant to the garnishment, the sum of $1,678.23 from Plaintiff's wages. Plaintiff's employer paid the garnished funds into state court. The state court disbursed the garnished funds to Defendant prior to the filing of Plaintiff's bankruptcy case. Plaintiff and Defendant agree that the ninety-day preference period began on May 16, 1995. Plaintiff's wages at issue were earned during the preference period.

### CONCLUSIONS OF LAW

Plaintiff seeks to recover from Defendant the garnished funds ($1,678.23) as an avoidable preferential transfer. 11 U.S.C.A. § 547(b) (West 1993). Defendant does not dispute that Plaintiff can claim the funds as exempt property. 11 U.S.C.A. § 522(g) and (h) (West 1993); O.C.G.A. § 44–13–100 (1995). Plaintiff has the burden of proving the avoidability of the transfer at issue. 11 U.S.C.A. § 547(g) (West 1993).

The question presented to the Court is whether the transfer at issue occurred on the date Defendant served the summons of garnishment or when Plaintiff actually earned the wages. *See Taylor v. Mississippi Learning Institute (In re Taylor)*, 151 B.R. 772, 775–76 (Bankr. N.D.Miss.1993).

"The perfection of a lien by garnishment is determined by the law of the state where the garnishment took place." *Phillips v. MBank Waco, N.A. (In re Latham)*, 823 F.2d 108, 110 (5th Cir.1987). "In bankruptcy, the existence and power of a garnishment lien is controlled by state law." *T.B. Westex Foods, Inc. v. Federal Deposit Insurance Corp. (In re T.B. Westex Foods, Inc.)*, 950 F.2d 1187, 1191 (5th

---

1. Although Plaintiff's pleading is entitled a motion, it is in fact a complaint that commenced this adversary proceeding.

2. Defendant apparently obtained a judgment against Plaintiff.

3. The ninety-day preference period began on May 16, 1995.

Cir.1992); *see also Continental National Bank of Miami v. Tavormina* (*In re Masvidal*), 10 F.3d 761, 763 (11th Cir.1993) (state law determines effect of writ of garnishment).

Georgia Code section 18–4–20(b)[4] provides:

**18–4–20. Property subject to garnishment generally; claim amount and defendant's social security number on summons of garnishment.**

. . . .

(b) All debts owed by the garnishee to the defendant at the time of service of the summons of garnishment upon the garnishee and *all debts accruing* from the garnishee to the defendant from the date of service to the date of the garnishee's answer shall be subject to process of garnishment; and no payment made by the garnishee to the defendant or to his order, or by any arrangement between the defendant and the garnishee, after the date of the service of the summons of garnishment upon the garnishee, shall defeat the lien of such garnishment.

O.C.G.A. § 18–4–20(b) (1991) (emphasis added).

Georgia Code section 18–4–111(a)[5] provides:

**18–4–111. Property, money, or effects subject to continuing garnishment.**

(a) All debts owed by the garnishee to the defendant at the time of service of summons of continuing garnishment upon the garnishee and *all debts accruing* from the garnishee to the defendant from such date of service to and including the one hundred seventy-ninth day thereafter shall be subject to process of continuing garnishment; and no payment made by the garnishee to the defendant or to his order or by any arrangement between the defendant and the garnishee after the date of the ser-

vice of the summons of continuing garnishment upon the garnishee shall defeat the lien of such garnishment.

O.C.G.A. § 18–4–111(a) (1991) (emphasis added).

Georgia law is thus clear that debts owed by the garnishee at the time the garnishment summons is served and all debts as they accrue are subject to the summons of garnishment.

"Garnishment did not exist at common law. It was not created by statute in Georgia until 1822." *Worsham Brothers Co. v. Federal Deposit Insurance Corp.*, 167 Ga.App. 163, 305 S.E.2d 816, 818 (1983), *cert. denied.*

■ "Since our garnishment laws are in derogation of the common law [they] must accordingly be strictly construed . . . ." *Travelers Insurance Co. v. Trans. State, Inc.*, 172 Ga.App. 763, 324 S.E.2d 585, 586 (1984).

■ "Clearly, it was the legislature's intent to allow a garnishor to obtain a garnishment lien only on the property over which the garnishee exercised dominion or control. '[T]he garnishment lien is intended to reach something actually due the defendant and which the defendant could have forced the garnishee to pay.' " *Parham v. Lanier Collection Agency & Service, Inc.*, 178 Ga.App. 84, 341 S.E.2d 889, 891 (1986), *cert. denied.*

■ "[T]he test of whether funds in the hands of a third person are subject to garnishment is whether or not the original defendant [the employee] could himself recover such funds by suit directly against the garnishee." *Carter v. Sherwood Plaza, Inc.*, 118 Ga.App. 612, 164 S.E.2d 867, 868 (1968), *cert. denied.*

Defendant relies upon *Askin Marine Co. v. Conner* (*In re Conner*), 733 F.2d 1560 (11th Cir.1984).[6] In that case, prior to the ninety-day preference period, the debtor's

---

**4.** O.C.G.A. § 18–4–20(b) (1991).

**5.** O.C.G.A. § 18–4–111(a) (1991).

**6.** 733 F.2d 1560 (11th Cir.1984).

employer was served with a summons of garnishment and paid into state court the garnished funds. The state court disbursed the garnished funds to the creditor within the preference period. The Eleventh Circuit Court of Appeals held that the debtor could not set aside the transfer as an avoidable preference.

The facts presented in *In re Conner* are distinguishable from those in the case at bar. In *In re Conner*, the wages subject to garnishment were earned prior to the preference period. In the case at bar, the wages at issue were earned during the preference period. Subsequent to *In re Conner*, two bankruptcy courts in Georgia have held that a garnishment which attaches to wages a debtor earns during the preference period may be avoided as a preferential transfer even though the summons of garnishment predates the preference period. *See Kentucky Finance, Inc. v. Newell (In re Newell)*, 71 B.R. 672 (Bankr.M.D.Ga.1987); *Ellenberg v. General Motors Acceptance Corp. (In re Morton)*, 44 B.R. 750 (Bankr.N.D.Ga.1984).

In *Taylor v. Mississippi Learning Institute (In re Taylor)*,[7] the bankruptcy court stated:

> Most bankruptcy courts have held that wages garnished within the 90 day preference period, pursuant to a writ of garnishment served prior to the preference period, are avoidable under § 547(b). These cases held that under § 547(e)(3), the debtor's wages cannot be transferred until they have been earned, notwithstanding the time of the service of the writ of garnishment. Therefore, wages earned, withheld, and paid to the garnishing creditor within 90 days preceding bankruptcy can constitute avoidable preferences even if the writ of garnishment were served before the preference period commenced.

151 B.R. at 777.

The Court also has considered *Grant v. Kaufman (In re Hagen)*,[8] a decision by the Eleventh Circuit Court of Appeals. In *In re Hagen*, the debtor was injured in an automobile accident. The debtor signed a contingent fee agreement with an attorney on March 20, 1984. A settlement on May 14, 1985, resulted in a fee being paid to the attorney. The debtor filed a Chapter 7 bankruptcy case on July 1, 1985. The bankruptcy trustee argued that the fee paid to the attorney was a preferential transfer. The Eleventh Circuit Court of Appeals held that the fee payment was not a preferential transfer because, under Florida law, an attorney's charging lien relates back in time to the commencement of the attorney's representation. In *In re Hagen*, the Eleventh Circuit was applying Florida law. In the case at bar, the Court is applying Georgia law.

Turning to the case at bar, "[a]n employee does not acquire rights to his wages until he has earned them. Consequently, even though generally the service of summons of garnishment is the critical point for dating a transfer as [*Askin Marine Co. v. Conner (In re Conner)*] clearly holds, the critical point for dating a transfer where the debtor has not acquired rights to the property is the date those rights are acquired." *In re Morton*, 44 B.R. at 751–52.

Defendant has not demonstrated that its lien related back to the date of service of its summons of garnishment. *Compare In re Hagen*, 922 F.2d at 744. The Court is persuaded that Plaintiff may recover from Defendant the sum of $1,678.23 as an avoidable preferential transfer.

An order in accordance with this memorandum opinion will be entered this date.

---

7.   151 B.R. 772 (Bankr.N.D.Miss.1993).

8.   922 F.2d 742 (11th Cir.1991).