FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Appellant,* v. CONSOLIDATED ENGINEERING COMPANY, A CORPORATION, AND W. H. DOWLING, AS SHERIFF OF DUVAL COUNTY, FLORIDA, *Appellee.*

Division B.

Opinion Filed January 30, 1928.

*Robert H. Anderson,* for Appellant;

*E. T. McIlvaine,* for Appellees.

WHITFIELD, J.—The bill of complaint herein brought by the Florida East Coast Railway Company in effect alleges that on December 27, 1923, the Consolidated Engineering Company brought an action of assumpsit in the common counts in the civil court of record in Duval county against W. P. Richardson trading as W. P. Richardson and Company for $1,015.52, and on the same day caused a writ of garnishment in the action to issue to the Florida East

Coast Railway Company, a corporation; that on January 7, 1924, the latter company answering the writ of garnishment admitted an indebtedness from it to Richardson in excess of plaintiff's demand in the action; that on April 21, 1924, the plaintiff recovered judgment against said Richardson and against the Florida East Coast Railway Company as garnishee for $1,056.69 upon which execution issued; that personal property of the Florida East Coast Railway Company, the garnishee, has been levied upon under the execution and has been advertised for sale; that within four months after the rendition of the judgment, viz., June 5, 1924, W. P. Richardson was adjudged a bankrupt in the United States District Court; that at the time of the rendition of said judgment said Richardson was insolvent, "by reason whereof the lien of said judgment was annulled and avoided by the operation of the Bankruptcy Act and it thereupon became null and void"; "that the trustee in bankruptcy of the estate of said Richardson has failed to take any steps or proceedings to have the lien of said judgment declared to be void judicially, but has advised the complainant that because said judgment is void, if the complainant pays the same or the amount thereof, he will endeavor to hold this complainant for such amount notwithstanding it pays the same."

The prayer is that the sale of the property levied upon under the execution be restrained and that the lien of the judgment be decreed to be null and void and the defendants be perpetually enjoined and restrained from collecting or attempting to collect the same from this complainant or from proceeding in any wise under the execution issued pursuant thereto, and that the complainant may have such other and further relief as in equity it is entitled to receive.

A temporary restraining order was granted, but subse-

quently the injunction was dissolved and the bill was dismissed on demurrer. Complainant appealed.

Under the Federal Statute, 1 Fed. Ann. (2 Ed.) 1130, "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be decreed null and void in case he is adjudged a bankrupt," etc.

While this Court has said that "a garnishment creates no lien in the plaintiff's favor," it also said in the same case that "the plaintiff secures by the garnishment the right to have the debt owed by the garnishee to the defendant, paid by the garnishee upon the plaintiff's judgment against the defendant instead of to him"; and that whether the plaintiff in garnishment has a legal or equitable lien, or an inchoate lien or right to be subrogated to the defendant's claim against the garnishee, it is a substantial right. Pleasant Valley Farms v. Carl, 90 Fla. 420, 106 So. 427. See Sec. 3436, Revised General Statutes, 1920.

If the garnishment had been dissolved as in 90 Fla. 420, or judgment had been rendered for the defendant, the lien, whether inchoate or complete, obtained by the service of the writ of garnishment after action to effectuate the garnishment had begun, would have been lost.

In this case the action to effectuate the garnishment was begun and the writ of garnishment was issued and served, and the garnishee answered and admitted its indebtedness to the defendant before January 8, 1924. The adjudication of the defendant's bankruptcy was on June 5, 1924.

It is not alleged that the defendant was insolvent when the action was begun or when the writ of garnishment was served or when the garnishee answered admitting its indebtedness to the defendant, though it is alleged that the

defendant was insolvent when the judgment was rendered against him on April 21, 1924. Nor is it alleged that the plaintiff's action was begun or that the writ of garnishment was served, or that the garnishee answered admitting its indebtedness to the defendant "within four months prior to the filing of the petition in bankruptcy," though it is alleged that the *judgment* against the defendant was rendered April 21, 1924, and that the defendant was adjudged a bankrupt on June 5, 1924.

Where a plaintiff acquires an equitable lien or levy on specific property of a defendant in an action against him, more than four months before the filing of a petition in bankruptcy against the defendant, and the action is diligently prosecuted to judgment for the plaintiff, the plaintiff's equitable lien or levy is superior to the title of the defendant's trustee in bankruptcy, as to the property covered by the equitable lien or levy, though the judgment in the action is rendered within four months of the bankruptcy proceedings. A judgment or decree in enforcement of an otherwise valid pre-existing lien or levy is not the judgment denounced by the bankruptcy statute, which is plainly confined to judgments creating liens. Metcalf v. Barker, 187 U. S. 165, 47 L. E. 122, 23 Sup. Ct. 67.

The garnishment was an "equitable lien" or at least an "equitable levy," Maxwell v. Bank of Richmond, 101 Wis. 286, 77 N. W. Rep. 149, from the service of the writ or from the filing of the answer of the garnishee admitting its indebtedness to the defendant; and the Federal Bankruptcy Act includes "all levies" as well as "liens." See Bloch v. Moore (Ala.) 29 So. Rep. 1025. This accords with the views expressed in Aetna Ins. Co. v. Evans, 57 Fla. 311, text 543, 49 So. Rep. 57, text 62, 63.

The equitable lien or levy having been obtained through legal proceedings before the defendant is alleged to have

been insolvent, and it not appearing that the petition in bankruptcy was filed within four months after the writ of garnishment was served and answered, the lien of the garnishment followed by the judgment for the plaintiff is good as against the claims of the trustee in bankruptcy. See 28 C. J. 253; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. Rep. 67; Ann. Cases, Note 382.

The service of the writ of garnishment made the garnishee liable to the creditor for the amount admitted by the garnishee to be due by it to the debtor; and the judgment obtained by the creditor *against the garnishee,* had relation to the service of the garnishment which was more than four months prior to the filing of the petition in bankruptcy, therefore the judgment *against the garnishee* was not affected by the bankruptcy proceedings, even though the judgment obtained by the creditor *against the debtor* would without the garnishment be subject to the bankruptcy proceedings.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., concurs in the opinion and judgment.

STRUM, J., disqualified; BROWN, J., not participating.