In re DEMOUNTABLE HOUSE CORPORATION.

No. 2111—M.

District Court, S. D. Florida, Miami Division.

Feb. 23, 1945.

Maxwell Baxter, of Fort Lauderdale, Fla., for Trustee.

C. H. Warwick, Jr., of West Palm Beach, Fla., for creditor.

HOLLAND, District Judge.

The order of the Referee in Bankruptcy, entered February 9, 1945, is before the Court under a certificate of review filed February 21, 1945, the merits of which were argued by respective counsel on February 21, 1945, and the matter taken under advisement.

Flury & Crouch, Inc., is herein styled the plaintiff creditor; J. A. Jones Construction Company is herein styled garnishee, and the bankrupt is herein styled the bankrupt. On June 16, 1943, plaintiff creditor instituted suit against the debtor in a State Court. Under Section 77.18 Florida Statutes 1941, F.S.A., a writ of garnishment prior to judgment was issued and served. On July 7, 1943, the garnishee answered admitting the indebtedness to the defendant in the approximate amount of $2781. The plaintiff took final judgment against the debtor on October 5, 1943. The answer of the garnishee was traversed by the plaintiff as was allowed under the statute. A second application for garnishment writ was made on October 8, 1943; writ issued, and a second answer was filed November 1, 1943, which answer was in turn traversed by the plaintiff. Thereafter another writ of garnishment issued on December 6, 1943, which writ was served on the garnishee under date of December 29, 1943. The Referee has arrived at a conclusion, in which he is sustained, in that he found that the lien obtained by the plaintiff dated from June 16, 1943, which date was more than four months prior to the filing of petition in bankruptcy, which was on January 14, 1944, in which proceeding the bankrupt was adjudicated on February 4, 1944. The case is largely ruled by Florida East Coast Railway Co. v. Consolidated Engineering Co., 95 Fla. 99, 116 So. 19, but a distinction between the facts in the two cases should be observed. In the Railway case, supra, the plaintiff obtained judgment both against the main defendant and the garnishee on April 21, 1924. The main defendant was adjudged a bankrupt on June 5, 1924. The garnishment writ had issued December 27, 1923, on the same date when the suit was instituted, which writ of garnishment had been answered on January 27, 1924. The judgment, therefore, was

within four months of the bankruptcy adjudication, and the garnishment lien under the Federal Bankruptcy Act, 11 U.S.C.A. § 1 et seq., would have been null and void but for the holding that the judgment against the garnishee had relation to the service of the garnishment.

In the instant case no judgment had been entered against the garnishee prior to the bankruptcy adjudication, and none has been entered against the garnishee in the State court proceedings even to this date. Indebtedness of the garnishee to the main defendant, with the approval of the plaintiff creditor, has been settled in the Bankruptcy Court by a stipulation involving the matter of off-sets as to the indebtedness, by which stipulation it is made to appear that the rights, if any, of the plaintiff creditor were transferred to the agreed settlement sum of $2379.69, which amount was received by the trustee. This Court, therefore, has the novel query whether the fact that there never was a judgment against the garnishee makes any real difference so far as the case being ruled by the Railway Case, supra. The garnishee had on July 7, 1943, made answer to the writ. of garnishment, which date was prior to the date of the judgment against the main defendant, and by this answer the garnishee admitted the indebtedness of a sum of money in excess of the amount later agreed upon by the parties in the aforesaid stipulation which was filed in the Bankruptcy Court. The plaintiff saw fit to pursue successive garnishment writs. The plaintiff is not to be prejudiced by the filing of traverse contesting the merits of the answer of the garnishee, nor by having procured successive garnishment writs. The plaintiff could very easily have taken judgment for the amount admitted by the garnishee to be due the main defendant, at the same time that judgment was taken against the main defendant just as was done in the Railway Case, supra. The filing of the traverse did not constitute an abandonment of such rights as the plaintiff procured by the garnishment proceeding as a diligent creditor. A Bankruptcy Court is a court of equity, and I hold that that which could have been done by the plaintiff should be treated as having been done.

I am of the opinion that the Referee was correct in a very proper analysis of the case, but in order to discuss the distinction between the facts in the instant case on the one hand and the Florida East Coast Railway Company case, supra, on the other hand, I deemed it well to analyze the distinction between the situations in arriving at a conclusion which ultimately is in support of the Referee's conclusion.

The order of the Referee of February 9, 1945, is confirmed.