In the Matter of BOB RIGBY, INC., Debtor.

BOB RIGBY, INC., Plaintiff,

v.

FLEETWING CORP., Defendant.

Bankruptcy No. 83–1520.
Adv. No. 83–814.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1983.

Nancy G. Farage, Tampa, Fla., for plaintiff.

Constance J. McCaughey, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case, and the immediate matter under consideration is a Motion for Summary Judgment filed by Fleetwing Corporation (Fleetwing), the Defendant in the above-styled adversary proceeding. The adversary proceeding was commenced by a Complaint to Recover Preference filed by Bob Rigby, Inc., the Debtor, who seeks the entry of a judgment setting aside a transfer as preferential and requiring the Defendant to return the amount of the alleged preferential transfer ($5,738.38) to the Debtor. In the event the Defendant is unable to return the monies, the Debtor seeks the entry of a final judgment against Fleetwing in the amount of $5,738.38.

The parties agree that there are no genuine issues as to any material fact and that the controversy can be resolved as a matter of law. The undisputed facts which are relevant to the resolution of the controversy are as follows:

On April 11, 1983, Fleetwing obtained a judgment against the Debtor in the amount of $15,695.78. On April 21, 1983, a Writ of Garnishment was served on the First National Bank of Venice (Bank) for the purpose of garnishing the Debtor's bank account. On April 22, 1983, a total amount of $5,738.38 was paid to Fleetwood pursuant to the Writ of Garnishment. On July 21, 1983, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Thus, the writ of garnishment was served ninety-one days prior to the commencement of the case, however, the actual payment of funds was made exactly ninety days prior to the Debtor's petition for relief.

It is the contention of the Debtor that the transfer of $5,738.38 constitutes a preferential transfer as contemplated by § 547(b) of the Bankruptcy Code, and as such, should be set aside. Specially, the Debtor alleges that the transfer was made by the Debtor for the benefit of Fleetwing on account of

an antecedent debt while the Debtor was insolvent and within ninety days before the date of filing the Chapter 11 petition. Further, it is alleged that the transfer enabled Fleetwood to receive more than such creditor would have received under a Chapter 7 liquidation. While the Debtor concedes that the estate has no interest in the funds sought to be returned because the Bank is a secured creditor in addition to having had a right of set-off against the funds garnished, the Debtor contends that the Bank should be accorded a superior position to that of Fleetwing.

It is Fleetwing's contention that the service of the Writ of Garnishment upon the Bank created a lien more than ninety days before the filing of the petition and that the transfer sought to be avoided was effected on the 91st day or outside the preference period. It is Fleetwood's position that the date on which the funds were actually paid over, pursuant to the writ, is irrelevant to the resolution of this controversy.

Section 77.06 of the Florida Statutes provides in pertinent part as follows:

Section 77.06. Writ; effect

(1) Service of the writ shall make the garnishee liable for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between such service and the time of his answer.

§ 77.06(1) Fla.Stat. (1981).

The Supreme Court of Florida addressed a similar problem in *Florida East Coast Railway Co. v. Consolidated Engineering Co.,* 95 Fla. 99, 116 So. 19 (1928), a case in which a writ of garnishment was served and the garnishee answered admitting an indebtedness to the defendant in excess of the Plaintiff's demand, prior to the four month preference period under the Bankruptcy Act. However, the subsequent judgment was rendered within four months of the bankruptcy. The Court determined that the lien of the garnishment was valid as against the claims of the Trustee and stated,

The equitable lien or levy having been obtained through legal proceedings before the defendant is alleged to have been insolvent, and it not appearing that the petition in bankruptcy was filed within four months after the writ of garnishment was served and answered, the lien of garnishment followed by the judgment for the Plaintiff is good as against the claims of the Trustee in Bankruptcy. The service of the writ of garnishment made the garnishee liable to the creditor for the amount admitted by the garnishee to be due by it to the debtor, and *the judgment obtained by the creditor against the garnishee had relation to the service of the garnishment,* which was more than four months prior to the filing of the petition in bankruptcy; therefore, the judgment against the garnishee was not affected by the bankruptcy proceeding, even though the judgment obtained by the creditor against the debtor would without garnishment be subject to the bankruptcy proceedings. (emphasis supplied)

*Florida East Coast Railway Co. v. Consolidated Engineering Co., supra,* 116 So. at 21.

In the case at bar, Fleetwing served a writ of garnishment on the bank prior to the ninety days preference period and in response, the Bank voluntarily paid over the sums to Fleetwing, thereby obviating of the need for answer and a subsequent entry of a judgment. As recognized by the Supreme Court of Florida, the critical date upon which the creditors' right to payment is fixed, is the date upon which the writ of garnishment is served. It is the opinion of this Court that the voluntary payment of the monies by the Bank to Fleetwood in response to the writ is analogous to the entry of the final judgment entered in *Florida East Coast Railway Co., supra* and as such does not constitute a preference.

A separate final judgment will be entered in accordance with the foregoing.