In re M.D.F., INC., a/k/a Charles McArthur Dairies, Inc., Debtor.

M.D.F., INC., et al., Plaintiff,

v.

TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Cargill, Inc., and Independent Dairy Farmers Association, Inc., Defendants.

M.D.F., INC., et al., Plaintiff,

v.

INDEPENDENT DAIRY FARMERS ASSOCIATION, INC., Attaway Lumber Company, Glades Gas Co., Gilbert Oil Co., and Moseley Collins, P.E., Defendants.

Bankruptcy No. 83–01993–BKC–TCB.
Adv. Nos. 84–0096–BKC–TCB–A,
84–0097–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

March 30, 1984.

Robert C. Furr, Boca Raton, Fla., for debtor/plaintiff.

Mark D. Cohen, North Miami, Fla., for Cargill and Travelers.

Chester J. Sasadu, Jr., Fort Lauderdale, Fla., for IDFA.

John T. Chandler, Fort Pierce, Fla., for Attaway, Glades Gas Co., Gilbert Oil Co., and Moseley Collins, P.E.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In these two adversary proceedings, the debtor seeks avoidance under 11 U.S.C. § 547(b) of seven "transfers" by garnishment. The defendants have answered and the two cases were tried together on March 20.

Unlike the former Act, the present Code does not expressly authorize the avoidance of liens which attach during the preference period. However, the omission was not intended to exclude liens from avoidance under § 547. As stated in *Collier on Bankruptcy* (15th ed.) ¶ 547.12[1]:

> "Likewise, it would appear that any type of legal or equitable proceeding that creates a lien, such as a garnishment proceeding, creditor's bill attachment or other similar process, could be classed as a 'transfer' within the meaning of sections 101(40) and 547."

Under Florida law, which is controlling in this instance, any lien created by garnishment takes effect on the day the writ is served. *In re Demountable House Corp.*, 58 F.Supp. 955 (S.D.Fla.1945). The bankruptcy petition in this case was filed on November 1, 1983, therefore, garnishment writs served after August 3, 1983 (the commencement of the 90 day preference period in this case) are avoidable under § 547(b). The defendants concede that every other element of a voidable preference is present here and that the only issue is when the transfers occurred.

In Adv. No. 84–0096, the defendant, Travelers Insurance Co., served its writ on September 19, 1983, for $45,194. This was within the preference period and, therefore, the lien established by the writ is voidable.

Cargill, Inc., served a writ on April 5, 1983, in the amount of $19,619. On the day the writ was served, the debtor did not

have a present right to collect any money from the garnishee, Independent Dairy Farmer's Association. The debtor held a Revolving Fund Certificate in the amount of $74,258 which provided, in pertinent part:

"This and other revolving fund Certificates of the same series are retirable in the sole discretion of the Board of Directors ... This certificate is transferrable only on the books of the Association with approval of the Board of Directors."

The Board had not then authorized retirement of the certificate or transfer of the certificate. The indebtedness of the garnishee to the debtor was, therefore, contingent and nothing was payable to the garnishor. As stated in 13 *Fla.Jur.*, Creditors' Rights, § 96:

"If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is no indebtedness due within the meaning of the garnishment statute. Thus, the possibility of collecting future dividends on stock is a mere contingency and not subject to garnishment."

See *Coleman Music & Games Co. v. McDaniel*, 411 So.2d 193 (Fla. 5th DCA 1981). The writ was premature and ineffective.

■ Cargill served a second writ in the same amount in late August and a third writ in the amount of $23,094 in October. Both these writs fell within the preference period. Any lien imposed by the three writs served by Cargill is, therefore, voidable.

■ In Adv. No. 84–0097, four different judgment creditors served writs of garnishment between January 13 and February 18, 1983, totalling $28,209. Although the garnishee Association answered that the funds were not due, that issue was submitted to the State court and was resolved in favor of the garnishors in four separate Orders entered in March, 1983. These judgments, which admittedly have become final and have been paid, are res judicata between these parties as to whether there was an indebtedness due the debtor on the dates these four writs were served. The debtor is bound by that decision. The fact that the garnishee satisfied the writs on August 30, 1983 (during the preference period) is irrelevant. The lien of the writ attached at the time of service and its effectiveness has been adjudicated.

Separate copies of this memorandum decision shall be filed in each of these cases and, as is required by B.R. 9021(a), a separate judgment will be entered in each case in accordance with the foregoing findings and conclusions. Costs, if any, may be taxed on motion.