In re James A. RYDER, Sr., Debtor.

James A. RYDER, Sr., Plaintiff,

v.

LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE, Defendant.

Bankruptcy No. 86–00028–BKC–SMW. Adv. No. 86–0109–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 21, 1986.

Patrick A. Barry, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for Landmark First Nat. Bank of Fort Lauderdale.

Robert E. Venney, Shutts & Bowen, Miami, Fla., for James Ryder, Sr.

## FINAL JUDGMENT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court for trial on the adversary complaint to avoid a preference and the Court having received a stipulated set of facts, having reviewed the documentary evidence and the post trial memorandum of law submitted by the parties, the Court does hereby set forth the relevant stipulated facts and documentary evidence and does thereupon enter the following conclusions of law and final judgment:

### FACTS

1. On December 31, 1981 James A. Ryder, (the Plaintiff/Debtor herein) entered into a "CONSULTING AGREEMENT" with Jartran, Inc. and Frank B. Hall Co., Inc. The agreement sets out various terms of employment as a consultant including certain duties not to compete. As set forth in the agreement at Page 4:

"In consideration of Employees agreement not to compete described in this Section 2, companies shall pay Employee for the period of ten (10) years commencing March 31, 1982, a quarterly payment of $25,000 ("Non-Competition Compensation") such sum to be payable at the end of each calendar quarter.

2. On October 17, 1984 Landmark First National Bank of Fort Lauderdale ("Landmark Bank") obtained a final judgment against James A. Ryder in the United States District Court for the Southern District of Florida, Case No. 84–0645 CIV LCN. Pursuant to the judgment Landmark Bank proceeded with post-judgment collection remedies and caused certain writs of garnishment to be issued by the District Court as follows:

a) On May 15, 1985 the Clerk of the United States District Court issued a writ of garnishment against Jartran Inc. The writ was served on Jartran Inc. on May 21, 1985. Jartran Inc. answered the writ of garnishment on June 10, 1985. As set forth in the Answer, Jartran answered as follows:

Under a consulting contract between the garnishee and James A. Ryder, Jartran is indebted to James A. Ryder in the sum of $3,846.16 gross consulting fees, pay-

able every two weeks. In addition, the garnishee is indebted to James A. Ryder in the sum of $25,000 payable each quarter (March 31, June 30, September 30, and December 31). The above obligations continue until 1991.

b) On June 21, 1985 the Clerk of the United States District Court issued a second writ of garnishment against Jartran. This writ was served on Jartran on June 27, 1985. Jartran filed its answer to said writ of garnishment on July 8, 1985 wherein Jartran admitted that the sum of approximately $36,000.00 was due the Debtor.

c) On August 24, 1985 the United States District Court issued a third writ of garnishment against Jartran Inc. This writ of garnishment was served on Jartran on July 30, 1985. An answer was filed by Jartran on August 5, 1985 admitting an additional approximate $5,700.00 due the Debtor.

d) On September 16, 1985 the United States District Court issued a fourth writ of garnishment on Jartran which writ was served on September 24, 1985. No answer was filed as the parties entered into a stipulation of settlement on September 7, 1985.

3. Ninety-one days before the Debtor filed its voluntary Chapter 11 petition, all counsel for the parties before the United States District Court under the garnishment proceedings, i.e., Landmark Bank, James A. Ryder, Sr. and Jartran Inc. entered into a written STIPULATION FOR PAYMENT OF JUDGMENT AND DISSOLUTION OF WRITS OF GARNISHMENT. This Stipulation was approved by the United States District Court on October 9, 1985 by an order directing the parties to perform pursuant to the terms of the Stipulation and reserving jurisdiction to enforce the same. The order approving the Stipulation and dismissal of the writs of garnishment was entered on the eighty-ninth day before Debtor filed his petition.

4. The Debtor filed his Chapter 11 proceeding on January 6, 1986.

5. Pursuant to the Stipulation and subsequent Order, Landmark Bank received the sum of $35,000.00 from the garnishee Jartran, Inc. The $35,000.00 was received within the 90 day preference period.

## CONCLUSIONS OF LAW

In *Florida East Coast Railway Co., Inc. v. Consolidated Engineering Co., et al.*, 95 Fla. 99, 116 So. 19 (1928), the Florida Supreme Court held that where the garnishment was begun and the answer filed admitting indebtedness over four months before the filing of a Petition of Bankruptcy, a Trustee in Bankruptcy is not entitled to recover the funds covered by the garnishment as a preferential transfer although the judgment on the garnishment was rendered within four months prior to the filing of the Petition in Bankruptcy. The Court held that the service of the Writ of Garnishment made the Garnishee liable to the Creditor for the amount admitted by the Garnishee to be due by and to the Debtor and the judgment obtained by the Creditor against the Garnishee related back to the service of the Writ of Garnishment which was more than four months prior to the filing of the Petition of Bankruptcy. (Under prior bankruptcy law the preference period was four months and not the current 90 days). Therefore the judgment against the Garnishee was not affected by the bankruptcy proceeding.

In the case of *In Re Demountable House Corporation*, 58 F.Supp. 955 (S.D. Fla.1945), the Creditor served three successive Writs of Garnishment on the Garnishee. All of the Writs of Garnishment were served more than four months prior to the filing of Petition in Bankruptcy. The District Court concluded that the case was controlled by *Florida East Coast Railway Co., Inc., supra*, however, the court noted a distinction between the two cases i.e., in the railway case Plaintiff obtained judgment within four months of bankruptcy but in *In Re Demountable* no judgment had been entered against the Garnishee prior to the filing of the bankruptcy petition and indeed no judgment had

been entered against the Garnishee in the state court proceedings even to the date of the District Court decision. The indebtedness of the Garnishee to the main Defendant had been settled by a stipulation and therefore there never was judgment against the Garnishee. The District Court held that the lack of a final judgment in garnishment never made any real difference because the Writs of Garnishment and the Answers to the Garnishee had been made prior to the four month period before the filing of the Bankruptcy Petition. The fact that the Creditor traversed the Garnishee's answer and procured successive Writs of Garnishment did not deprive the Creditor of the benefit of the date the first writ was issued in determining when the garnishment lien was obtained. The District Court held that under Florida law the garnishment lien dates from the date that the writ was issued and served notwithstanding that the indebtedness of the Garnishee to the Debtor was settled by stipulation and no judgment was ever entered against the Garnishee. Thus the Trustee in Bankruptcy was unable to prevail on a preference theory to recover the amounts paid within the four month period.

In the case of *In Re M.D.F., Inc.*, 39 B.R. 16 (Bankr.S.D.Fla.1984), the court held that under Florida law a lien created by garnishment takes effect on the date the writ is served. Thus the debtor was not entitled to avoid four Writs of Garnishment served prior to the preference period. As stated by the court on page 18.

The fact that the Garnishee satisfied the writs on August 30, 1983 (during the preference period) is irrelevant. The lien of the writ attached at the time of service and its effectiveness has been adjudicated.

Section 77.06 of the Florida Statutes provides in pertinent part as follows:

Section 77.06. Writ; effect

(1) Service of the writ shall make the garnishee liable for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between such service and the time of his answer.

In the case of *In the Matter of Bob Rigby, Inc.*, 36 B.R. 531 (Bankr.M.D.Fla. 1983), the court held that where the creditor served a writ of garnishment prior to the 90 day preference period and in response the garnishee voluntarily paid the sums to the creditor, thereby obviating the need for answer and the subsequent entry of judgment, even though the payment was within the 90 day period the critical date upon which the creditor's right to payment is fixed is the date upon which the writ of garnishment is served and said payment is not subject to recovery by a Trustee or debtor in possession.

As set forth in the stipulated facts of this case the writs were served outside the 90 day preference period. The lien of the Writ of Garnishment attached at the time that the writ was served. In addition all parties i.e., the Debtor, Creditor and the Garnishee entered into a written stipulation outside the ninety day preference period providing for a dismissal of the Writs of Garnishment and a payment thereunder. At the time of the written stipulation, the garnishee had filed answers to the first three writs of garnishment to the Debtor admitting that $45,546.16 was due to the Debtor. In addition, at the time the stipulation was signed, an additional $25,000.00 was due. Landmark Bank collected within the ninety day preference period only $35,-000.00. The amount collected represented less than the amount due Landmark Bank under the writs at the time of the execution of the Stipulation of all parties.

## FINAL JUDGMENT

Based upon the stipulated facts and documentary evidence and the foregoing conclusions of law, the Court

ORDERS AND ADJUDGES as follows:

The Plaintiff, JAMES A. RYDER, SR., take nothing by this action and that the action be dismissed on the merits.