In re Richard A. HARRINGTON, S.S. # 216–24–2472 Debtor.

Richard A. HARRINGTON, Plaintiff,

v.

George LIMBEY and the City of Coral Gables Retirement System, Defendant.

Bankruptcy No. 86–03543–BKC–AJC.
Adv. No. 86–0711–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1987.

Edward J. Waldron, Coral Gables, Fla., for debtor.

Barbara L. Phillips, Phillips and Phillips, P.A., Miami, Fla., for defendant, Limbey.

Robert Zahn, City Atty., Coral Gables, Fla., for the City of Coral Gables.

Robert L. Roth, Miami, Fla., Trustee.

Herman I. Eisenberg, Miami, Fla., co-counsel for Limbey.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came on before the Court on January 14, 1987, upon the cross-motions for summary judgment filed by Plaintiff and Defendant.

Plaintiff, RICHARD A. HARRINGTON, a retired police officer for the CITY OF CORAL GABLES, FLORIDA, is a Chapter 13 debtor.

Defendant, GEORGE A. LIMBEY, is also a retired CORAL GABLES policeman and a judgment creditor of the Debtor in the sum of $44,262.92. Prior to bankrupt-

cy, Defendant caused the issuance of a writ of garnishment which was served upon the CITY OF CORAL GABLES RETIREMENT SYSTEM.

Which brings us to the final party to the case, the CITY OF CORAL GABLES RETIREMENT SYSTEM.

The property in dispute are certain past, present and future proceeds of a retirement fund which Plaintiff and the CITY have made joint contributions to over a period of several years preceding Plaintiff's bankruptcy.

Plaintiff has filed an Adversary Complaint under 11 U.S.C. §§ 543 and 547, seeking to set aside an alleged voidable preference in favor of Defendant LIMBEY, and for a turnover of property held by a custodian, THE CITY OF CORAL GABLES RETIREMENT SYSTEM.

This is a core proceeding, over which the Court has jurisdiction under 28 U.S.C. § 157(b)(2)(E) and (F). The following shall constitute the Court's findings of fact and conclusions of law as required by B.R. 7052.

THE FACTS:

During the hearing on summary judgment, the parties stipulated to the following facts:

1. September 11, 1985—Complaint filed in Dade County Circuit Court, *George J. Limbey v. Richard A. Harrington*, Case No. 85–37851(10).

2. July 3, 1986—Final Judgment entered, pursuant to jury verdict, in favor of Plaintiff, GEORGE J. LIMBEY, in the sum of $42,084.00, plus costs.

3. July 29, 1986—Final Judgment entered, awarding Plaintiff costs in the sum of $824.45.

4. August 4, 1986—Plaintiff causes the issuance of Writ of Garnishment upon Garnishee, CITY OF CORAL GABLES RETIREMENT SYSTEM.

5. August 8, 1986—Plaintiff serves the Writ of Garnishment upon the CITY OF CORAL GABLES RETIREMENT SYSTEM.

6. September 3, 1986—THE CITY OF CORAL GABLES RETIREMENT SYSTEM files its Response to Writ of Garnishment.

7. October 16, 1986—Dade County Circuit Court orders entry of Judgment Pursuant to Writ of Garnishment against the Garnishee, CITY OF CORAL GABLES RETIREMENT SYSTEM. (Judgment directs payment to Plaintiff, and Plaintiff's Counsel, in the sum of $2,224.72 per month, until the amount of $44,262.92 plus interest is paid, or until the death of Defendant, RICHARD A. HARRINGTON.)

8. November 1, 1986—CITY OF CORAL GABLES RETIREMENT SYSTEM issues check in the sum of $1,932.97, payable to GEORGE LIMBEY and HERMAN I. EISENBERG (Attorney), pursuant to Writ of Garnishment.

9. November 13, 1986—RICHARD A. HARRINGTON files a Chapter 13, Case No. 86–03543–BKC–AJC.

10. November 19, 1986—RICHARD A. HARRINGTON, Debtor, files an Adversary Complaint to Compel Turnover of Property of Debtor Estate and to Invalidate Writ of Garnishment. (Adversary Case No. 86–0711–BKC–AJC–A.)

DISCUSSION:

The legal issues presented to the Court are twofold:

I. DID PLAINTIFF ACQUIRE RIGHTS IN THE CITY OF CORAL GABLES RETIREMENT SYSTEM PENSION FUND CAPABLE OF BEING "TRANSFERRED" UNDER 11 U.S.C. § 547(e)(3)?

AND

II. DID DEFENDANT, LIMBEY, PERFECT HIS GARNISHMENT OF THE FUND PRIOR TO 90 DAYS PRECEDING BANKRUPTCY?

At the outset, the Court wishes to thank Counsel for all of the parties for their memoranda of law and able arguments made during the hearing. The particular facts of this case present a novel inquiry, and what appears to be a case of first

impression in the area of perfection of garnishments to future retirement income of a Chapter 13 debtor.

Also acknowledged are the comments of the CITY ATTORNEY for CORAL GABLES, which have given the Court insight into the workings of the various pensions governing retired CITY employees.

Section 547(b) of the Bankruptcy Code prescribes six elements which must be proven before a transfer is avoidable as a preference: (1) the transfer of property of the debtor; (2) to or for the benefit of a creditor; (3) on account of an antecedent debt; (4) while the debtor was insolvent; (5) within 90 days before the filing of a petition; and (6) which enables a creditor to receive more under the distribution scheme of Chapter 7 than would have been received if the transfer had not been made. The debtor has the burden of proving the avoidability of the transfer under § 547(g).

The provisions of § 547 apply to Chapter 13 proceedings as directed under § 103(a) of Title 11.

Of particular importance in this case is § 547(e)(3), which provides that "... a transfer is not made until the debtor has acquired rights in the property transferred."

This leads to the first issue in the case—had Plaintiff acquired rights in the retirement fund which were capable of being transferred?

Plaintiff argues that either the retirement fund is exempted from Defendant's garnishment as a matter of State law or, in the alternative, that Plaintiff had not acquired sufficient rights in the retirement payments to which Defendant's lien could attach.

The Court will first consider Plaintiff's exemption argument.

■ Plaintiff has referred to the retirement fund payments as "wages" or "pay" exempted under Florida Statute 222.11. Plaintiff contends that the periodic payments are wages because the CITY OF CORAL GABLES RETIREMENT SYS-TEM deducts a portion of the payment for purposes of Federal withholding tax.

F.S. 222.11 pertains to money due for personal services or labor. The CORAL GABLES RETIREMENT SYSTEM fund is a retirement account. The monies distributed are payable, according to the testimony of the CITY ATTORNEY, at the time the particular employee leaves the CITY, due to retirement or resignation. The Court therefore must disagree with Plaintiff's characterization of the funds received from the retirement system as wages—the funds are income distributed on account of Plaintiff's retirement.

■ The Court must also reject Plaintiff's contention that the fund is exempt under Florida Statute 185.25. F.S. 185.25 "Exemption from execution" is an entirely different pension established for police officers and is funded by contributions of foreign casualty insurance companies. (See Laws Fl. 1953, Ch. 28230.) The F.S. 185 fund was not garnished by Defendant and is not the subject of this preference litigation.

The only fund in question is the retirement fund created by CORAL GABLES Code, Ch. 22 (Ordinance # 944 as amended). The relevant provisions of Ch. 22 are contained in Article I, Section 22–1 through 22–47 "Retirement System for City Employees Generally." This was the fund garnished by Defendant.

Article I, Ch. 22, provides for the establishment of a city retirement fund for all CORAL GABLES city employees; the fund is not limited solely to police officers.

A "city employee" under Section 22–6 is defined as a person employed on a regular and full time basis and a "police officer" is an employee who is currently discharging the normal duties of a police officer.

Section 22–29 contains an anti-assignment provision prohibiting voluntary or involuntary transfers of accumulated retirement funds by a city employee.

This section has no bearing on Plaintiff's present interest in the retirement fund because, by his own admissions in the Chap-

ter 13 Petition filed with the Court, the Plaintiff is retired, not an employee of the CITY OF CORAL GABLES. Withholdings on compensation paid under Chapter 22 do not establish that the payment is for a wage or salary.

Finally, the Court takes judicial notice that in the State Court proceedings neither Plaintiff nor the CITY OF CORAL GABLES RETIREMENT SYSTEM raised the issue of an exemption in the fund during the garnishment action.

Plaintiff has argued in the alternative that, even if the funds are not exempt as a matter of law, Plaintiff still had no rights under § 547(e)(3) to future fund payments which could be transferred to Defendant, LIMBEY.

Many Courts have struggled with the issue of alleged preferences accomplished through pre-bankruptcy garnishment actions. There is no clear consensus among the various Courts as to whether income earned during the 90 days preceding bankruptcy and thereafter is property capable of being transferred under § 547(e)(3).

The Court has reviewed each of the cases cited by Plaintiff in his memorandum of law, in addition to various other cases concerning the interpretation of § 547(e)(3).

As correctly noted by Plaintiff, a sizable body of law exists outside the Eleventh Judicial Circuit which holds that, at least so far as wages are concerned, a transfer under § 547(e)(3) cannot occur until the debtor becomes entitled to be paid. It has been held in the case of *In re Perry*, 48 B.R. 591, 598 (Bkrtcy.M.D.Tenn.1985) that when a garnishment was originally executed, the creditor obtained nothing more than a lien on the debtor's right to receive wages if and when the services were rendered and wages earned. (Also see *In Re Dunn*, 56 B.R. 275 (Bkrtcy.M.D.La.1985); In re *Syed Industries Co.*, 58 B.R. 920 (Bkrtcy.E.D.N.Y.1986); *In re Krumpe*, 60 B.R. 575 (Bkrtcy.D.Md.1986); *In re Walters*, 61 B.R. 426 (Bkrtcy.D.Mont.1986).)

On the opposite side of the judicial scale rest various cases decided by Circuit Courts of Appeal for the Eleventh, Seventh and Second Circuits.

In the case of *In re Conner*, 733 F.2d 1560, 1562 (C.A. 11, 1984) the issue before the Court was the application of a Georgia garnishment statute as a transfer within the meaning of § 547(e)(3).

The Court concluded that a lien attached to the garnished wages of the debtor upon service of a summons of garnishment, and that a nonpreferential transfer had been accomplished by the judgment creditor.

In the case of *In re Riddervold*, 647 F.2d 342, 347 (C.A. 2, 1981), also concerning a wage garnishment, the Second Circuit has held that payment to a creditor during the 90 day preference period on account of a levy served upon the debtor's employer, before the 90 day period, did not constitute a voidable preference. The Court concluded that the debtor had no property or interest in the property subject to the levy.

Service of the levy had the effect of creating a novation whereby the debtor's employer became bound to pay the judgment creditor rather than the debtor. The Court concluded:

"Our decision follows the 'continuing levy' principle announced by Judge L. Hand ... and adopted by Judge Mayer under the Act of 1898 scores of years ago. It also seems to conform to the intimations of *Clarke v. Larremore*, 188 U.S. 486, 23 S.Ct. 363, 47 L.Ed. 555 (1903), at 188 U.S. 488–90, 23 S.Ct. at 364–65, that when a writ of execution under a valid lien has been fully executed by payment to the execution creditor a subsequent bankruptcy does not affect the creditor's rights. To be sure, these cases were decided under the Act of 1898 but we find nothing in the language or policy of the 1978 Code that forbids their continued application."

Similarly, the Seventh Circuit has held in the case of *In re Coppie*, 728 F.2d 951, 953 (C.A. 7, 1984), that if the garnishment order occurs prior to 90 days preceding bankruptcy, § 547(e)(3) will have no bearing upon the creditor as "... the debtor's

wages are irrevocably transferred to the garnishment plaintiff."

The Defendant creditor in this proceeding raises much the same argument as that used in *Coppie.*

Defendant contends that his service of the writ of garnishment divested Plaintiff from the right to receive his monthly benefits payable by the CORAL GABLES RETIREMENT SYSTEM.

The monthly payment arrangement between the CITY and Plaintiff was fully in place, no further contributions were required by either party. The funds are earmarked for RICHARD A. HARRINGTON, payable until his death, according to the requirements of the Code of CORAL GABLES.

Plaintiff's interests are fully vested—hence Plaintiff has rights in property capable of transfer as contemplated under § 547(e)(3).

■ Based upon the facts presented, the Court concludes that, as a matter of law, Plaintiff had acquired an interest in the funds held by the CORAL GABLES RETIREMENT SYSTEM which could be transferred by Defendant's garnishment action.

This leads to the Court's discussion of the second issue raised by Plaintiff's Adversary Complaint—did Defendant, LIMBEY, receive a preferential transfer of Plaintiff's rights to funds held by the RETIREMENT SYSTEM?

■ The Court finds that Defendant's garnishment does not constitute a voidable preference under § 547.

In the Florida Supreme Court case of *Florida East Coast Railway Co. v. Consolidated Engineering Co.*, 95 Fla. 99, 116 So. 19 (1928), it was determined that the date of service upon a garnishment writ established a lien by the creditor. The Court held that, even if payment of the writ occurred during the preference period, the lien related back to the initial service of the writ.

Each of the Bankruptcy Courts in the Southern District of Florida have held that the crucial event in perfecting a garnishment lien is the date of service of the writ. (See *In Matter of Bob Rigby, Inc.*, 36 B.R. 531 (M.D.Fl.1983); *In re M.D.F., Inc.*, 39 B.R. 16 (S.D.Fl.1984); *In re James A. Ryder, Sr.*, 59 B.R. 868 (S.D.Fl.1986); also see *In re Demountable House Corp.*, 58 F.Supp. 955 (S.D.Fl.1945).)

It is undisputed that in this case the writ of garnishment was served 98 days prior to bankruptcy.

The Court finds no reason to depart from precedent established by *Florida East Coast Railway* and concludes, as a matter of law, that Defendant's garnishment of the Plaintiff's retirement pension was not a preference under § 547.

Finally, Plaintiff argues that the decision in this Adversary is in some manner colored by the fact that the Debtor has filed a Chapter 13 rather than a liquidation.

The money designated by the Plaintiff to fund his Plan is the same money which the Court has just determined to be subject to Defendant's garnishment lien.

The Debtor's Plan under Chapter 13, as it presently stands, provides for only 20% of Defendant's claim to be paid.

Each party asks the Court to invoke its powers of equity. These become the most difficult of cases to decide because the losing party is bound to suffer by the entry of this judgment.

As is often the case in jurisprudence, the proverbial baby cannot be divided in half.

The Court concludes that the Plaintiff has not carried his burden of proving the avoidability of the transfer.

Defendant's Motion for Summary Judgment is granted.

An appropriate Order will be entered.