**In re John Richard LUCAS, Debtor.**

**Daniel J. BEHLES, Trustee, Plaintiff,**

**v.**

**H.O. ELLERMEYER, et al., Defendants.**

Bankruptcy No.
11–88–0124MA.

Adv. No. 89–0017M.

United States Bankruptcy Court,
D. New Mexico.

Nov. 7, 1989.

Michael K. Daniels, Albuquerque, N.M., for plaintiff.

Chris Lackmann, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on trustee's Motion for Summary Judgment on the trustee's Complaint for Turnover of Property. Having considered the arguments of counsel, case law, memorandum of law and stipulated facts submitted by the parties, and being otherwise fully informed and advised, the Court issues this memorandum opinion.

FINDINGS OF FACT

The facts are not in dispute and are set forth below:

1. Defendants sued debtor on March 2, 1987, in New Mexico state court, cause No. CV–87–01398, for fraud and declaratory judgment;

2. Defendants obtained a Judgment against debtor on October 1, 1978, in the

amount of $21,500.00, plus interest thereon at the statutory rate;

3. Debtor was/is a general partner in three (3) New Mexico general partnerships: Manzano Springs South, Ltd.; Quail Hollow Ranch, Ltd.; and, C. and L. Co.;

4. Writs of garnishment were issued on November 10, 1987, at defendants' request, and directed to Coors Park, Inc., as a general partner in C. and L. Co., and to Henry G. Coors IV as a general partner in Manzano Springs South, Ltd., and Quail Hollow Ranch, Ltd.;

5. Each writ was answered by the respective garnishee on November 16, 1987, denying that any property of debtor was held, but stating that debtor's interest in the various partnerships had monetary worth and that monies were being paid to debtor on a monthly basis from certain real estate contracts;

6. The several Answers were traversed by defendants on November 19, 1987, as in Exhibit 1, attached and incorporated herein;

7. Pursuant to the writs of garnishment, the garnishees paid defendants the total sum of $20,250.85, as payment upon the unsatisfied Judgment against debtor.

8. The Debtor filed his Chapter 11 bankruptcy petition June 2, 1988.

DISCUSSION

An order resulting from the hearing on the summary judgment motion was filed August 14, 1989. The Court ordered that to the extent that defendants garnished a partnership interest belonging to the debtor, any payments made pursuant to the writ of garnishment are not preferential transfers and the trustee is not entitled to recover them; and to the extent that defendants garnished a stream of income accruing to the debtor, those payments made to defendants pursuant to the writ of garnishment during the ninety (90) day preference period are preferential transfers and the trustee is entitled to recover them. As the facts are not in dispute, the legal effect of the facts is at issue, and the question is whether the trustee is entitled to judgment as a matter of law. *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986).

The Court must determine (1) whether the writ of garnishment was perfected, creating a superior lien to that of the trustee, and if so (2) whether the writ of garnishment garnished a partnership interest or a stream of payments.

1. Whether the writ of garnishment was perfected, creating a superior lien to that of the trustee.

The trustee asserts that the defendants failed to properly perfect a lien interest in the funds at issue in this adversary proceeding because a judgment of garnishment was never entered by the state court on the garnishment pleadings. Therefore, the funds should be turned over to the trustee as a preference. In response, the defendants argue that the writ of garnishment attached the debtor's property and was perfected upon service of the writ, creating a superior position.

■ Garnishment proceedings are a statutory remedy and are a form of attachment. *Jemko, Inc., v. Liaghat v. Davis*, 106 N.M. 50, 738 P.2d 922, 924 (Ct.App. 1987). Procedural requirements for garnishment are set forth in sections 35–12–1 to 35–12–19 of the New Mexico statutes. Garnishment may be issued in aid of execution of a judgment entered in a civil action and served on the garnishee. N.M.S.A. §§ 35–12–1 to 35–12–2 (1988 repl. supp.). Within twenty days of the date of garnishment, the garnishee must answer with information regarding indebtedness to the defendant, and personal property of the defendant in the garnishee's possession. N.M.S.A. § 35–12–2. Service of the garnishment has the effect of attaching all personal property, money, wages or salary in excess of the amount allowed as exempt under section 35–12–7. After service of a garnishment on the garnishee, it is unlawful for the garnishee to pay to the defendant any debt or deliver any personal property attached by the garnishment. N.M.S.A. § 35–12–3. If the garnishee answers that indebtedness to the defendant exists, a judgment shall be entered for the plaintiff against the garnishee for the amount due.

N.M.S.A. § 35–12–4. If the plaintiff or defendant is not satisfied with the answer of the garnishee he may controvert it and the issue shall be tried by the court. N.M.S.A. § 35–12–5. Priority of more than one judgment lien is determined by the order in which the garnishment is served on the garnishee. N.M.S.A. § 35–12–9(B); 6 Am. Jur.2d *Attachment and Garnishment* § 470 (1963).

■ The writ of garnishment in the instant case states in part:

YOU ARE ORDERED, as follows: 1. If you owe the Judgment Debtor any money (other than wages), or become indebted to him before filing your answer, you must keep a sufficient amount of that money to satisfy the Judgment and all costs and not pay it to the Judgment Debtor, unless and until this Court gives permission; ... 3. If you have any property which belongs to the Judgment Debtor including any rights, credits, bonds, bills, notes, drafts and other choses in action or if you acquire any such property before filing your answer, you must keep a sufficient amount of that property to satisfy the existing Judgment and costs and not turn it over to the Judgment Debtor unless and until this Court gives permission. You may not withhold anticipated additional costs and fees relating to this Writ unless and until a judgment directing you to do so is entered by the Court; ... THIS IS A COURT ORDER. If you fail to file the answer, or if you disobey any of these Orders, a judgment may be entered against you for the full amount of the unpaid Judgment in this case.

Clearly, the New Mexico statutes state that a writ of garnishment attaches the property upon service of the writ, creating a priority status senior to any other writ which is served at a later date. N.M.S.A. §§ 35–12–3 & 35–12–9. The service of the writ of garnishment creates a lien on the property attached, which is a transfer within the meaning of 11 U.S.C. § 547(b). *See*

*Tonyan Const. Co., Inc. v. McHenry State Bank*, 28 B.R. 714, 723 (Bankr.N.D.Ill. 1983); *Askin Marine Co. v. Conner*, 733 F.2d 1560, 1562 (11th Cir.1984); 6 Am. Jur.2d *Attachment and Garnishment* § 454 (1963). Under 11 U.S.C. § 547, a transfer is made when it is perfected. *Askin*, 733 F.2d at 1562; 11 U.S.C. § 547(e)(2)(A)-(B). That is "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Once the lien attaches to the property, no contract creditor can obtain a superior judicial lien.[1] *Askin*, 733 F.2d at 1562; 11 U.S.C. § 547(e)(1)(B).

In the instant case, the lien attached when the writ of garnishment was served, however, the question remains as to whether the lack of a judgment against the garnishee has any effect on the lien. While the New Mexico statutes provide for a judgment against the garnishee even if the garnishee's answer reveals indebtedness to the defendant, the statute does not contain any language regarding perfection of garnishment liens. *See* N.M.S.A. § 35–12–4(C).

A line of Florida cases address the same question. Similarly, under Florida law a garnishment lien takes effect on the date the writ is served. *In re M.D.F., Inc. v. Travelers Ins. Co. et. al.* 39 B.R. 16 (Bankr. S.D.Fla.1984). The court in *In re Demountable House Corp.*, 58 F.Supp. 955 (S.D.Fla.1945) was faced with a similar set of facts. There, the writ of garnishment was served more than four months prior to filing of the bankruptcy petition and outside the preference period, however, the indebtedness was settled by stipulation and no judgment was entered against the garnishee. *Id.* at 955–56. The inquiry was whether the fact that no judgment against the garnishee was entered made any real difference. The court stated that the plaintiff could very easily have taken judgment for the amount, and held "that which could have been done by the plaintiff should be treated as having been done." *Id.* at 956.

---

**1.** *Askin* was decided under Georgia law which is the same as New Mexico, in that a lien attaches to garnished funds upon service of the summons of garnishment. *Compare* Ga.Code Ann. § 18–4–20(b) *with* N.M.S.A. § 35–12–3.

The court followed *Florida E. Coast Ry. Co. v. Consolidated Eng'g. Co.*, 95 Fla. 99, 116 So. 19 (1928). In *Florida E. Coast Ry.*, the plaintiff served the writ of garnishment outside the preference period, but obtained a judgment against the main defendant and the garnishee within the preference period, that would have been void except for the holding that the judgment against the garnishee had relation back to the service of garnishment. *Demountable*, 58 F.Supp. at 956.

Later cases have also followed this line of reasoning. In *Rigby v. Fleetwing Corp.* 36 B.R. 531 (Bankr.M.D.Fla.1983) the writ of garnishment was served outside the preference period, however, the payment of funds was made 90 days prior to the filing of the debtors' petition. *Id.* at 531. The court stated that the voluntary payment of the funds obviated the need for an answer and entry of a judgment and held that the creditors' right to payment was fixed on the date the writ of garnishment was served. *Id.* at 532. *See also Ryder v. Landmark First Nat'l. Bank*, 59 B.R. 868 (Bankr.S.D.Fla.1986).

In the instant case, this Court is persuaded by the reasoning in *Demountable* and holds that perfection of the writ of garnishment occurred on the date of service of the writ. The lack of a judgment against the garnishee has no effect, as any judgment would relate back to the date of service of the writ.

2. Whether the writ of garnishment garnished a partnership interest or a stream of payments.

The trustee asserts that even if the defendants' garnishment was proper that only a stream of payments and not a partnership interest was garnished. Therefore, the funds should be turned over to the trustee as a preference. Further, the trustee suggests that the proper procedure for a creditor of a partner in a general partnership to attach the partnership interest in satisfaction of judgment is by a charging order contained in N.M.S.A. § 54-1-28 (1988 repl. pamp.). Defendants respond that the writ serves to attach all choses-in-action and other personalty of the debtor which includes the partnership interest of the debtor.

The Uniform Partnership Act provides that the property rights of a partner are his right in specific partnership property, his interest in the partnership and his right to participate in the management. N.M.S.A. § 54-1-24. A partner's interest in the partnership is his share of the profits and surplus, which is personal property. N.M.S.A. § 54-1-26; *In re Priestley*, 93 B.R. 253, 257 (Bankr.N.M.1988). It is personal property even if land is one of the assets. *Citizens Bank of Clovis v. Williams*, 96 N.M. 373, 375, 630 P.2d 1228, 1230 (1981). A partner's interest in a partnership is an intangible share in the business rather than a direct interest in the specific partnership property. *City of Arkansas City v. Anderson*, 242 Kan. 875, 884, 752 P.2d 673, 682 (1988). Any assignee of the partnership interest merely entitles the assignee to receive the profits to which the partner would otherwise be entitled. N.M.S.A. § 54-1-27. A partnership interest is subject to a charging order where the court may charge the interest of the debtor partner with payment of a judgment debt. N.M.S.A. § 54-1-28. Under the Uniform Partnership Act, a partner's undivided interest in the partnership is subject to a charging order, but not his right in specific partnership property, unless the claim is against the partnership. N.M.S.A. § 54-1-25B(3). Thus, only the partner's right to profits may be attached for his personal debt, but the right in specific partnership property is not subject to attachment for a partner's individual debt. The statute is intended to prevent disruption of partnership affairs or business by claims against individual partners. *Anderson*, 242 Kan. at 884, 752 P.2d at 682; 59A Am.Jur.2d *Partnership* § 788 (1987). This is a proper method for a judgment creditor to reach the interest of a partner. It is flexible and less disruptive than execution by the sheriff. 59A Am.Jr.2d *Partnership* § 790 (1987). A charging order, however, is not the exclusive method of levy where the state law provides for garnishment. Service of a writ of garnishment on any

general partner, other than the debtor partner, would require only that profits payable to the debtor partner be paid to the garnishor instead. This procedure is not any more disruptive than the charging order and conforms with the public policy of the Uniform Act.[2] *Id.* at § 796. *See also First Nat'l. Bank of Denver v. District Court In and For City and County of Denver,* 652 P.2d 613 (Colo.1982) (where the court held that a writ of execution was not the exclusive remedy to enforce a judgment against a partner but that supplemental proceedings such as a charging order may be used); *City of Arkansas City v. Anderson,* 242 Kan. 875, 752 P.2d 673 (1988) (where the court stated that garnishment was merely one way of enforcing a charging order).

 Garnishment proceedings may be used to attach an individual partner's interest, which is profits remaining after partnership debts are paid, and the accounts are settled between the partners.[3] *Gaynes v. Conn.,* 185 Kan. 655, 662, 347 P.2d 458, 465 (1959). A stream of payments, on the other hand, is similar to the attachment of wages. The transfer of garnished wages does not take place until the garnished wages are earned. *In re Krumpe,* 60 B.R. 575 (Bankr.D.Md.1986). Thus, any stream of payments on wages earned within ninety days of the bankruptcy petition is a preferential transfer to the creditor. *Id.* at 578. However, that is not the case here. The attachment of a partnership interest was perfected upon service of the writ of garnishment and any profits subsequently distributed would be attached at the same time.

It is inconsequential that the garnishor used a garnishment proceeding rather than a charging order, or that the words "chose-in-action" were used instead of "partner-ship interest" in the writ.[4] The test as to whether funds are subject to garnishment is whether the debtor could recover the funds directly against the garnishee. Garnishment proceedings merely subrogate the garnishor to the debtor's rights against the garnishee. *Jemko,* 106 N.M. at 54–55, 738 P.2d at 926–27. Thus, in the instant case, the service of the writ of garnishment on any general partner had the effect of attaching the partnership interest of the debtor on the profits of the real estate contracts.

Therefore, the trustee's Motion for Summary Judgment shall be denied. This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.

---

**2.** For an excellent historical explanation of the public policy creating the charging order see *City of Arkansas City v. Anderson,* 242 Kan. 875, 752 P.2d 673 (1988).

**3.** In the case at bar; this Court assumes that there was a valid partnership agreement and that the partnership affairs were settled, as profits were distributed to the debtor partner from payments on real estate contracts.

**4.** A chose in action is a thing in action, meaning the right of bringing an action or right to recover a debt or money. It is a personal right not reduced to possession, but recoverable by a law suit. Blacks Law Dictionary 219 (5th ed. 1979). Under N.M.S.A. § 35–12–3, a chose in action is subject to garnishment.