PER CURIAM.
This is an appeal from a final judgment on a writ of garnishment against Farm Credit of North Florida (“Farm Credit” or appellant). We affirm in part and reverse in part.
Richardson and Evans obtained separate final judgments against Double H Dairy on December 20, 1995. Richardson served a writ of garnishment on Farm Credit based on its judgment against Double H on December 9, 1996. Farm Credit answered on December 13, 1996. Evans served a writ of garnishment on Farm Credit based on its judgment against Double H on January 8, 1997. Farm Credit answered on January 22, 1997. Farm Credit answered both writs to the effect that it was indebted to Double H in the amount of $14,199.08, and that there was also a contingent liability of $33,892.50 arising out of Double H’s interest in a credit cooperative.
Evans filed a motion to consolidate on January 8, 1997 pursuant to section 77.16, Florida Statutes, in which he gave notice to all parties and asserted his claim was superior because he had recorded his underlying judgment first. He requested either consolidation or proceedings under section 77.16 for dispute resolution between judgment creditors, however, the motion to consolidate was never brought to hearing. Evans obtained a garnishment judgment on April 24,1997.
On May 1, 1997, Farm Credit filed a motion to reduce the amount of retained funds in the Richardson case, informing the court that a judgment had been entered on Evans’ writ, and seeking to reduce the funds in order to comply with that judgment. (An amended motion was filed on May 9, 1997, but the only difference was a name change.) The motion was denied without prejudice. Farm Credit then moved for clarification as to whom it should pay the retained funds.
Farm Credit later sought leave to amend its answer in the Richardson case to reflect it had paid Evans’ garnishment judgment. Subsequently, Farm Credit became further indebted to Double H, for $15,379.55, and filed a motion for leave to amend its second amended answer to reflect that fact and to reflect it had paid Evans. After hearing on Richardson’s motion for entry of judgment and Farm Credit’s motion for leave to file a second amended answer, the court entered judgment for Richardson against Farm Credit for the original $14,299.08, and the subsequent amount of indebtedness, $15,379.55. The court also entered a continuing judgment for all amounts that would become due and payable to Double H from Farm Credit.
Farm Credit moved for rehearing, asserting it had already paid out the retained funds to Evans pursuant to his judgment, and that the court could not enter judgment for additional amounts not covered by the original answer to the writ of garnishment. The court denied the motion for rehearing.
Appellant argues that under Florida law, once funds are taken by legal process after service of writ of garnishment, the gar *438 nishee is no longer liable for those funds, and that while a writ of garnishment directs a third party to retain something, no lien is created until judgment is entered. Further, until judgment was entered, Farm Credit contends, it had no obligation except to disclose the amount it owed Double H, and that Richardson had actual knowledge of Evans’ claim through his motion to consolidate. Appellant points out that before the present final judgment was entered, Evans obtained a valid garnishment judgment against Farm Credit for those same funds, and after contesting the validity of that judgment in light of the Richardson garnishment proceeding, Farm Credit paid the funds to Evans pursuant to that judgment. Farm Credit contends it was improper for the trial court to hold it liable to Richardson for funds it had already paid Evans.
Appellant also contends the court erred in awarding $15,379.55 which became due in January 1998, after service of Farm Credit’s answer to the writ, as well as future amounts that might become due, because these amounts were not due and payable at the time Farm Credit filed its first amended answer to the writ.
Appellees assert that in its Amended Motion for Leave to File Second Amended Answer, Farm Credit admitted its indebtedness to Double H for the additional $15,-379.55, and Farm Credit is bound by its pleadings. In addition, appellees assert that when a court grants judgment on a writ of garnishment, the lien created dates back to the date of service of the writ. Further, they contend that Farm Credit could have solved its problem by appealing the Evans judgment or by answering Evans’ complaint to the effect that it was not holding funds belonging to Double H when Evans filed his writ. Appellees contend that Farm Credit violated the requirements of section 77.06, Florida Statutes, by failing to retain the funds after serving its answer to appellees’ writ.
Appellant responds that its answer to Richardson’s writ was accurate when made, and Farm Credit could not have answered Evans’ writ denying its indebtedness to Double H. Further, appellant points out that it moved to amend its answer to reflect that it had paid the $14,-299.08 to Evans, and that it was indebted to Double H for an additional $15,379.55, but the court implicitly denied the motion in its entirety when it granted judgment in favor of Richardson. Appellant asserts that whether a garnishment judgment dates back to the date of service of the writ is irrelevant in this case, as no garnishment judgment was entered in favor of appellees while it retained the funds, service of the writ does not create a lien, and no basis existed to appeal the Evans garnishment judgment. It retained the funds as required until Evans obtained judgment.
Garnishment is statutory, therefore the statutory scheme must be strictly adhered to. See In re Masvidal, 10 F.3d 761 (11th Cir.1993). “[Sjervice of the writ begins the garnishment process which ‘consists of notifying a third party to retain something he has belonging to the defendant, to make disclosure to the court concerning it, and to dispose of it as the court shall direct.’” See Masvidal, 10 F.3d at 763, citing Thompson v. Commercial Union Insurance Co., 267 So.2d 18, 20 (Fla. 1st DCA), cert. denied, 271 So.2d 461 (Fla.1972).
The view in Florida is that a writ of garnishment does not create an immediate lien. See Masvidal, 10 F.3d at 763; see also Cerna v. Swiss Bank Corp., 503 So.2d 1297 (Fla. 3rd DCA 1987). Only when judgment has been entered on the writ of garnishment is a lien created. See Masvidal, 10 F.3d at 763 citing Florida East Coast Railway Co. v. Consolidated Engineering Co., 95 Fla. 99, 116 So. 19 (1928). In addition, “ ‘[t]he general rule is that, where property or funds of the principal debtor in the hands of the garnishee are taken from him by legal process after service of the writ, he is not chargeable in *439 garnishment proceedings therefor.’” See Pierce, Wulbern, Murphey Corp. v. Riverside Bank, 203 So.2d 177, 179 (Fla. 1st DCA 1967).
We agree with appellant’s argument that since Evans obtained judgment on his writ of garnishment, and the funds were taken through that process, it cannot be held liable for having failed to retain the funds, and in fact could not have retained the funds. Evans’ garnishment judgment took precedence over Richardson’s writ, which did not create a lien. Significantly, Richardson had actual notice of the Evans proceeding. See also First Florida Bank v. RDP of Naples, Inc., 573 So.2d 1025, 1026 (Fla. 2d DCA 1991) (“the payment, by a garnishee, of a judgment in garnishment entered against it, which is facially valid and entered by a court of competent jurisdiction, absolves the garnishee from further liability”).
We conclude that the trial court intended to grant Farm Credit’s second motion to amend in part, since the court entered judgment on the $15,379.55 as well as the $14,299.08. We find no error in the award of $15,379.55, which Farm Credit was obliged to retain pursuant to its amended answer to Richardson’s writ, and affirm that portion of the judgment.
No basis exists for a continuing writ of garnishment in this case, as it does not involve wages or salaries. Appellees appear to concede error on this point. In any event, we reverse the judgment for unspecified future sums.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
JOANOS, WOLF and PADOVANO, JJ., concur.